PRESIDENT AND FELLOWS OF HARVARD COLLEGE *vs.* JOHN A. HEAD & another.

A man, in consideration of marriage, assigned to his intended wife all his right and interest in an annuity, to have and to hold to her during the continuance of the marriage; and afterwards married her. *Held,* that upon a divorce from the bonds of matrimony, granted on her libel for his cruelty, her interest in the annuity ceased.

BILL IN EQUITY against John A. Head and Charlotte E. Head, praying that the defendants might interplead. The case,

as it appeared from the agreed facts, on which it was reserved by *Chapman*, C. J., for the consideration of the full court, was as follows :

The plaintiffs held property under the will of Benjamin Bussey, who died in 1842, and were charged by the will with the payment of an annuity of $1000 to the defendant John A. Head. John A. Head on May 2, 1860, signed, sealed and delivered the following assignment : " I, John A. Head, of West Roxbury in the county of Norfolk and Commonwealth of Massachusetts, being about to marry Charlotte E. Rhoades, in consideration of said marriage, do hereby assign, transfer and convey to said Charlotte E. all my right and interest in and to a certain annuity left to me by Benjamin Bussey in his will : to have and to hold the same to her during the continuance of said marriage ; and I hereby authorize and empower the trustees under said will to pay the said annuity to her or her order, as it may become due, and to take and receive her receipt in acknowledgment of such payment." On May 3 John A. Head married Charlotte E. Rhoades, who was the other defendant.

Both the defendants at the time of marriage intended that their domicil after marriage should be at Windsor in the State of Vermont, and had procured a house there to live in. Immediately after the marriage they went to Windsor, and there lived until the divorce mentioned below.

In 1871 Charlotte E. Head filed a libel in the Supreme Court of Vermont against her husband, praying that she might be divorced from the bonds of matrimony for the reason that he had treated her " with intolerable severity." John A. Head appeared and contested the libel, but the court found that the facts alleged therein were true, and entered a decree of divorce from the bonds of matrimony.

The amount of the property belonging to the parties at the time of divorce, as stated by agreement to the Supreme Court of Vermont, was Land in Vermont, $7000 ; Shares in the Connecticut & Passumpsic Rivers Railroad Company, $2000 ; Shares in other corporations, $1064 ; Stock on farm, $600 ; Furniture, $1000 ; Annuity of $1000 tc John A. Head, transferred by him to Charlotte

E. Head, in consideration of the marriage of the parties, $5000. The title to the land stood in the name of Charlotte E. Head, but the land was bought with her husband's money, and all the rest of the property, except some of the furniture, belonged to him. At the time of the divorce she had in her possession none of the property except some furniture.

The Supreme Court of Vermont passed an order that all right, title and interest of John A. Head in the land " together with all household furniture, and all personal property now in the possession of said Charlotte E. Head, of the property of said John A. Head, but not including an annuity bequeathed to said John A. Head by Benjamin Bussey, or any right thereto, be henceforth the property of said Charlotte E. Head ; and that she should hold the shares of the Connecticut and Passumpsic Rivers Railroad Company in trust for her child, whose custody was given to her.

*J. Lathrop*, for Charlotte E. Head. The assignment passed all the interest of John A. Head. If the *habendum* is repugnant to the premises it is void, and if it was intended to effect a termination of the estate on the dissolution of the marriage by any cause but death, it is void as against the policy of the law, and the estate is absolute. *Cartwright* v. *Cartwright*, 10 Hare, 630 ; *S. C.* 3 De G., M. & G. 982. *H.* v. *W.* 3 Kay & J. 382. *Bean* v. *Griffiths*, 1 Jur. (N. S.) 1045. *Wren* v. *Bradley*, 2 De G. & Sm. 49. *Grace* v. *Webb*, 15 Sim. 384. *Nicholl* v. *Jones*, 36 Law J. (N. S.) Ch. 554, 564. It makes no difference that the clause is in form a limitation. The effect is the same as if the form of a condition were used. *Parsons* v. *Winslow*, 6 Mass. 169. *Otis* v. *Prince*, 10 Gray, 581.

Even if the condition be valid, or if the clause be read as a limitation, yet as the law rendered the further performance of the contract impossible, the estate became absolute. *Doe* v. *Rugeley*, 6 Q. B. 107. *The Teutonia*, L. R. 3 Adm. & Ecc. 394, 412. *Slade* v. *Tomson*, 1 Rol. Ab. 451. It makes no difference that the libel for divorce was filed by the wife. Divorce proceedings are criminal in their nature, and the public is a party. *Barber* v. *Root*, 10 Mass. 260, 265. 2 Bishop on Mar. & Div. §§ 140, 230, 231.

*Lucas* v. *Lucas*, 3 Gray, 136. *Buffaloe* v. *Whitedeer*, 15 Penn. State, 182. Particularly is this so when the divorce is granted on account of the wrong doing of the husband. The non-performance of a contract by one of the parties excuses its performance by the other. *United States* v. *Arredondo*, 6 Pet. 691, 745. *Whitney* v. *Spencer*, 4 Cowen, 39. *Darley* v. *Langworthy*, 3 Bro. P. C. (2d ed.) 359. No man can take advantage of his own wrong. *Hawkins* v. *Hall*, 4 Myl. & C. 280. *Sanborn* v. *Chamberlin*, 101 Mass. 409, 412. Broom's Maxims, (5th ed.) 279.

*C. S. Bradley*, (of Rhode Island,) for John A. Head, was not called upon.

CHAPMAN, C. J. The husband's assignment of the annuity to the wife before marriage is in terms limited " during the continuance of said marriage." Any legal termination of the marriage is obviously within those terms. As it has been terminated by a decree of divorce by the court of the domicil of the parties, the right of the wife to the annuity terminated under the contract at the time of passing the decree. This decree does not continue the annuity by way of alimony. Nor is the wife entitled to its continuance on the ground that the husband's misconduct was the cause of the divorce. The doctrine contended for, that he who prevents the performance of a contract or condition shall not take advantage of its non-performance, does not apply to a case like this. The further continuance of the marriage was prevented by the act of the court; and if the husband was the guilty party, the court was authorized to take into consideration all the circumstances of the case, and fix the amount of alimony with reference to them. *Decree for John A. Head.*