Florence C. Bulger, Appellant, v. J. Francis Bulger, Appellee.

Gen. No. 39,185.

Heard in the third division of this court for the first district at the October term, 1936. 
 Opinion filed June 30, 1937.

IMMENHAUSEN & BANOVITZ, of Chicago, for appellant; MEYER BALIN, of Chicago, of counsel.

WHITTY & McGAH, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

The plaintiff appeals from a judgment for the defendant in plaintiff's action on a promissory note executed by the defendant on June 30, 1930, bearing interest at six per cent per annum after date. The note provides that the plaintiff is authorized in her

name to sue for and take all legal steps she may deem proper to recover on said note.

The defense of the defendant to this action was that the right to recover had been previously adjudicated in a certain divorce proceeding had between the plaintiff and the defendant in the circuit court of Cook county, Case No. B-267865. The cause was heard by the court, and the defendant introduced the bill for separate maintenance filed by the plaintiff in the circuit court of Cook county in the case above mentioned, the answer filed thereto by the defendant, the defendant's cross-bill for divorce, the answer of the plaintiff to the cross-bill, and the decree of divorce entered by the court.

The plaintiff introduced as evidence the transcript of proceedings had on the hearing of the divorce action. The court upon the hearing of the plea of *res judicata* entered judgment for the defendant.

The promissory note in question does not appear to have been offered in evidence in this case, but owing to the fact that no question has been raised, this court will consider whether this plea of *res judicata* is sustained by the record.

The decree of divorce was introduced in evidence, and that part of the decree upon the question of *res judicata* provides:

" . . . that the defendant be given a decree of divorce; that the bonds of matrimony be dissolved; that the original bill of complaint filed by the plaintiff be dismissed; that the defendant pay to the plaintiff, Florence C. Bulger, the sum of $5,000 in full and complete payment of any and all claims for alimony at the rate of $75.00 per month when the defendant's income is $200.00 a month or less, and when the defendant's income is $300.00 a month or more, plaintiff is to receive one-fourth of his income per month, the payments to cease should the defendant be without employment or physically incapacitated; it was further ordered that

the defendant refrain from disposing of his membership in the Chicago Board of Trade until said sum of $5,000 was paid, or unless permission was first obtained from the Court to sell the membership; that the plaintiff have all personal property heretofore used by the parties and that each of the parties be barred from any claim to dower or other claims occurring out of the marital relation heretofore existing except as set forth in the decree.''

The plaintiff calls this court's attention to the statement of the trial court made shortly before the decree of divorce was entered, which is:

''. . . and the Court has been informed that a proceeding is now pending in the Municipal Court of Chicago in which the plaintiff, Mrs. Bulger, is now suing Mr. Bulger on a note for $68,000. The Court has no opinion either way as to any amount that is due either of the parties by reason of their financial dealings, so I wouldn't want my decision to be interpreted that I am in any way indicating in any way opinion as to the respective property rights.''

The defendant questions the right of this court to consider this oral announcement of the decision and the grounds upon which the decree is based as controlling. It is true that the parties are bound by the decretal order of record, and not by the oral announcement of the court. The plaintiff here admits that the oral announcement is not controlling, but suggests that this announcement by the court was introduced solely for the purpose of showing that the decree entered in the divorce proceedings was consistent with the oral announcement by the court, and that the decree determines the issues between the parties as to the right of further action upon the promissory note in question; therefore, the decree is *res judicata*.

The Supreme Court in the case of *Seuss v. Schukat*, 358 Ill. 27, upon a like question said: ''It is a familiar rule that, unless preserved by statute, an absolute

divorce ordinarily terminates all property rights and interest, not actually vested, of the divorced persons in the property of each other which are dependent upon the marriage, such as dower, curtesy and rights of inheritance under statutes of descent. (*Maynard v. Hill,* 125 U. S. 190; *Barrett v. Failing,* 111 id. 523; *Jordan v. Clark,* 81 Ill. 465; *Howey v. Goings,* 13 id. 95; *Clarke v. Lott,* 11 id. 105; *Carr v. Carr,* 185 Iowa, 1205; *Crise v. Smith,* 150 Md. 322; *Harvard College v. Head,* 111 Mass. 209.) Conversely, contractual or property rights of either a husband or a wife which exist independently of the marriage, such as transfers of property and rights under marriage settlements and separation agreements survive a divorce and are governed by the principles applicable to similar contractual or property rights. 2 Bishop on Marriage, Divorce and Separation, secs. 1654–1659; *Young v. Sangster,* 322 Mo. 802; *Carpenter v. Osborn* 102 N. Y. 552; *Babcock v. Smith,* 22 Pick. (Mass.) 61; *Crise v. Smith, supra; Sidney v. Sidney,* 3 P. Wms. 269.''

It is to be noted from the opinion of the Supreme Court that contractual or property rights of either a husband or a wife which exist independently, survive a divorce. The merits of the controversy regarding the right to recover upon the promissory note are not passed upon in the decree. In fact, by the decree each of the parties is barred only from any claim to dower or other claims arising out of the marital relation heretofore existing; claims are not barred that exist independently of the marital relation which are vested. In this case the contract between the parties is evidenced by the promissory note in question, which was in existence and independent of any marital relation, and was vested in the plaintiff before the separate maintenance and divorce action was pending.

In the case of *Elliott v. Northern Trust Co.,* 178 Ill. App. 439, this court in passing upon a question arising

out of a bill to compel specific performance of a contract to make a will, wherein the plaintiff sued the executors and heirs of a former husband from whom she had been divorced, said:

"We do not think that the divorce proceedings referred to in the bill in any way militate against appellant's right to maintain her bill. She is now seeking to enforce the contract to will her the property in question. It is a contract right based upon a money consideration, and not a contract right depending upon the marital relation for its validity, that is lost or extinguished when the marital relation is severed by divorce proceedings."

These decisions seem to sustain the position of the plaintiff that by the entry of the decree of divorce she was not barred in the action to recover upon the promissory note signed by her husband. The fact is that this contract was entered into independent of the marital relation, and was not the outcome of the marriage between the parties but rather a contract which was entered into independent of that relation and for the recovery of an amount claimed to be due from the husband and for which he signed the promissory note in question.

From the facts as they appear in the record, the rights of the parties were not determined by the court in the entry of the divorce decree. This suit was pending at the time the divorce action was heard, and it is evident from the date of the note that it was given before the institution of the suit for separate maintenance which was first instituted by the wife against her husband and was heard upon the merits of the controversy and a decree of divorce entered by the court upon the cross-bill of the husband. From the conclusions of this decree the parties are only barred from any claim to dower or other claims occurring out of the marital relation heretofore existing except as set forth

in the decree. This conclusion of the court sustains the theory that only such matters as exist and arise out of the marital relation are barred.

For the reasons stated the judgment for the defendant entered upon a plea of *res judicata* is reversed and the cause is remanded to be heard upon the merits of the controversy.

*Reversed and remanded.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.