Sarah A. Scaggs, Appellee, v. Charles D. Fithian, William Ecker and Margaret S. Cobb, Individually and as Sole Heir of George M. Cobb, Deceased, Appellants.

Gen. No. 44,635.

598

Opinion filed May 18, 1949. Rehearing denied June 13, 1949. Released for publication June 17, 1949.

FITHIAN, SPENGLER & FINNEGAN, of Chicago, for appellants.

GEORGE A. BOSOMBURG and PETER S. SARELAS, both of Chicago, for appellee.

Mr. Justice Lewe delivered the opinion of the court.

Defendants, officers and directors of the "New Home Benefit Association," appeal from a judgment entered against them for $1,929 in an action by Sarah A. Scaggs, named beneficiary in a certificate of membership issued to her husband, to recover damages resulting from the alleged fraudulent conduct of defendants. During the pendency of this appeal Sarah A. Scaggs died and Ruth Cole, administratrix of her estate, was substituted as plaintiff.

Taken with the case is plaintiff's motion to dismiss the appeal on the ground that the report of proceedings was not filed within the time provided in Rule 36 of our Supreme Court [Ill. Rev. Stat: 1947, ch. 110, par. 259.36; Jones Ill. Stats. Ann. 105.36].

■ The judgment in the instant case was entered June 25, 1948 and notice of appeal was filed on the same day. The filing of the notice of appeal perfected the appeal to this court under section 76(2) of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 200, subpar. (2); Jones Ill. Stats. Ann. 104.076, subpar. (2)]. (*Lukas v. Lukas,* 381 Ill. 429; *Francke v. Eadie,* 373 Ill. 500.) Rule 36 provides that the report of proceedings at the trial shall be filed in the trial court within 50 days after the appeal has been perfected; that the trial judge may on good cause shown make an order or orders extending the time thereafter not to exceed in the aggregate a period of 45 days for filing the report of proceedings, if the application for the order extending the time is made before the expiration of the original or extended period; and that *further extensions of time shall be granted only by the reviewing court.*

The 50-day period expired on August 14, 1948. August 11, 1948, the time to file the report of proceedings was extended by an order of the trial court for a period of 45 days from August 14, 1948. The 45-day period expired on September 28, 1948. September 24,

1948, defendants applied to this court for a 30-day extension of the time from September 28, 1948. October 1, 1948, this court denied the application of defendants' motion of September 24 for an extension.

Afterwards on October 11, defendants made a motion to vacate and set aside the order of October 1, 1948, denying defendants' motion for an extension of time and to reconsider and grant an extension of time to October 18, 1948. This motion was allowed. Since the record shows that defendants filed the report of proceedings within the time allowed by the last order of this court, plaintiff's motion to dismiss the appeal is denied.

August 8, 1927, New Home Benefit Association, hereinafter called "the association" was organized, "not for profit," under an Act of July 1, 1872. It was reincorporated under "An Act to incorporate mutual benefit associations on the association plan," approved June 27, 1927, with its principal office at Abingdon, Illinois. In July 1934 it moved to the City of Chicago. After moving to Chicago the association began to do business subject to the supervision of the Insurance Department of the State of Illinois.

February 7, 1927, the association issued to Dr. A. Scaggs a certificate of membership, naming his wife, Sarah A. Scaggs, as beneficiary. The certificate promised to pay to the beneficiary the sum of $1,000 on satisfactory proof of death of the insured while the certificate was in force. Dr. Scaggs died December 4, 1939.

January 17, 1941, the Attorney General, in the name of the People on relation of the Insurance Commissioner, filed a petition in the superior court praying that the association be dissolved and liquidated. February 10, 1941, a decree was entered directing that the association be liquidated and appointing the Director of Insurance Liquidator and directing him to take possession of the books, records, and property of

the association. Afterward an order was entered directing all claims against the association to be filed on or before December 1, 1942. Mrs. Scaggs filed her claim and the Liquidator allowed it for the sum of $6, whereupon Mrs. Scaggs filed objections and the cause was heard before the chancellor who entered a decree on January 14, 1944, sustaining the action of the Liquidator. Plaintiff appealed from that order to this court. (*People ex rel. Jones v. New Home Benefit Ass'n,* 324 Ill. App. 611.) This court reversed and remanded the decree of the superior court with directions to allow plaintiff's claim for $1,000, plus interest at five per cent from the date of proof of loss, December 26, 1939.

The present suit was filed on June 19, 1940, naming the association and its officers and directors as parties defendant. The association was later dismissed from the suit. The pleadings are voluminous. The complaint, amendments, answers, replies, and motions to strike cover 168 pages in the abstract. The complaint as amended alleges in substance that the defendants, as officers, directors, and agents of the association, devised a scheme to cancel Dr. Scaggs' policy; that they failed and neglected to notify all the members of the association of the death of Dr. Scaggs and levy an assessment to pay plaintiff's claim; that they refused and neglected to record all transactions, receipts and disbursements of the association; and that they falsified, secreted, and destroyed books of entry and records of the association and converted to their own use and benefit funds of moneys rightfully belonging to the association.

The complaint as amended further alleged that George M. Cobb converted money of the association to his own use to conduct his personal business; that defendants permitted, assented and caused to be paid money belonging to the association for salaries and various expenses created by themselves; and that defendants withdrew various sums on fictitious claims.

The second count incorporates paragraphs 1 to 36 of the first count and charges that defendants entered into a conspiracy to cheat and defraud plaintiff.

March 6, 1945, plaintiff filed an amendment to her amended complaint, which is designated as Additional Count Three, alleging that on February 6, 1945, the Appellate Court, First District, in the case of *People ex rel. Jones v. New Home Benefit Ass'n,* rendered a decision involving the same subject-matter, which is binding upon these defendants upon the principle of *res judicata.* In their answer defendants denied the fraud and conspiracy charges.

In a written opinion the trial court found that defendants as officers and directors of the association were bound by the decision of this court in the former proceeding (*People of the State of Illinois ex rel. Paul F. Jones, Director of Insurance of the State of Illinois v. New Home Benefit Association,* No. 43162, 324 Ill. App. 611, 59 N. E. (2d) 197) and were personally liable "because of their fiduciary relations to the policyholders," and that "it was not necessary that a conspiracy with all of its refinements be proven to establish liability."

The doctrine of *res judicata* rests upon the ground that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction. (*Newberry Library v. Board of Education,* 387 Ill. 85; *Charles E. Harding Co. v. Harding,* 352 Ill. 417.) In contemplation of law parties to a decree are those only who are named as such in the record and are properly served with summons or enter their appearance. (*Orthwein v. Thomas,* 127 Ill. 554.) In the instant case the record shows that the former proceedings to liquidate and dissolve the association were instituted in the name of The People by the Director of Insurance of the State of Illinois, and that the Director of Insurance was

represented by the Attorney General. None of the defendants in the present suit were named as parties defendant nor did they enter their appearance in the former proceedings or participate in them in any manner. Defendants here did not have an opportunity to litigate the issues as parties in that suit, for the reason that the Director of Insurance of the State of Illinois had sole direction and control of the defense thereof.

Moreover, the issues in the present suit and those in the former proceeding are not identical. There the plaintiff's claim was based on a contract (benefit certificate), whereas this suit is a tort action based on fraud and conspiracy.

█ Under the authorities last cited we are impelled to hold that the doctrine of *res judicata* is inapplicable to the case at bar.

█ The complaint as amended fails to allege facts and circumstances which constitute the alleged fraud or conspiracy. (*Aaron v. Dausch,* 313 Ill. App. 524.) Presumptions will not be indulged to establish fraud. It may be proved by circumstances but it is not thereby established unless the circumstances proved are so strong as to produce a conviction that the charge of fraud is true. (*Barrett v. Shanks,* 382 Ill. 434; *Bundesen v. Lewis,* 368 Ill. 623.) Fraud cannot be established upon mere suspicion. (*Weininger v. Metropolitan Fire Ins. Co.,* 359 Ill. 584.) Sarah A. Scaggs, the beneficiary, testified that she could not name one specific thing that the defendants ever did to defraud or deceive her; that she had no personal knowledge concerning any of the charges in the complaint; and that she relied solely upon the advice of her attorney.

Floyd C. Whittenburg, an auditor for the Bureau of Liquidation of the Department of Insurance since 1934, called in behalf of both parties testified that he had custody of all the books and records of the association and that the records do not appear to be "mutilated,"

and that "so far as he knew none of these defendants ever withheld any records from the Insurance Department"; that on January 2, 1941, the directors of the association passed a resolution directing the officers to cease operation and wind up its affairs. Whittenburg testified also that the association was not required to keep separate bank accounts for the benefit and expense funds; that it was just a bookkeeping matter; that among the records of the association turned over to him was a general ledger containing a special account on George M. Cobb, deceased husband of defendant Margaret S. Cobb, and that an examination made by him of the account shows that George Cobb made contributions to the association in the aggregate sum of $2,038.04.

James U. Cullen, Supervisor of the Assessment Life Division of the Department of Insurance, testified that he presided at a hearing held in Springfield, Illinois in October, 1940, at which George Cobb and defendants Fithian and Glick were present, relating to the question of solvency of the association; that at this meeting the Department of Insurance found the association solvent but that it lacked sufficient members; that at another hearing "a month or six weeks later" the defendants asked for a voluntary liquidation and at the same time inquired about the disposition of the funds of the association; that at the latter hearing Cullen made a decision that "the two funds (benefit and expense) be thrown together for the purpose of paying the association's obligations."

Defendant Fithian, a lawyer, testified that he was made a director of the association a month or two before "it went under"; that the first time he learned he had been made a director was at the preliminary examination of the association held at Springfield in October 1940; that he never held any other office in the association, nor did he take an active part in its affairs; that he had never heard of Dr. Scaggs, the

insured, until long after his death; that at the hearings before the Department of Insurance the officials found that the association "was solvent but short of members"; that the witness Cullen suggested that the funds be combined. Fithian testified also that he was paid attorney's fees and expenses by the association for his attendance at the hearings in Springfield, amounting to $150.

Harry Tressel, called on behalf of defendants, testified that he is an actuary and a certified public accountant; that he "worked on the books of the association" in 1940, and attended the hearings before the Department of Insurance involving the association; that the association's membership had greatly decreased during 1940; that the association agreed to liquidate voluntarily; and that Cullen suggested that the distinction between funds be obliterated since they would all be liable for the obligations of the association. The witness stated that he is also an attorney and that he was paid a fee for his services in attending the hearing in Springfield.

Defendant Lena Glick, secretary and treasurer of the association, testified that she became a member and officer of the association on June 17, 1935. This witness traced the history of certain checks and redeposits and stated that she contributed almost $2,500 to the association.

Defendant Margaret S. Cobb, aged 75, testified that she was vice president and director of the association from 1935 until its dissolution; that she never performed any of the duties of vice president; that she never received any salary; that she paid into the association at least three thousand dollars of her own money which was never returned; that her husband's eyesight failed in 1932, whereupon she signed checks for him; and that these checks were her husband's personal checks and not those of the association. What services, if any, the defendant Ecker performed

in the association does not appear in the record.  He did not testify.

In support of the charges in the complaint plaintiff relies on inferences drawn from the books and records of the association.  The record shows that the association on December 31, 1939 had on hand in its benefit fund a balance of $3,362.87.  Counsel for plaintiff argued before this court that defendants' failure to pay the claim in December 1939, is evidence of fraud.  This contention is without merit.  The Liquidator opposed payment of the claim in full and the chancellor after a hearing sustained the position of the Liquidator.  The opinion reversing the chancellor in *People ex rel. Jones v. New Home Benefit Ass'n*, 324 Ill. App. 611, was filed in this court on February 6, 1945.  We must assume, since there is no evidence to the contrary, that the Liquidator who had possession of all of the assets of the association administered its affairs impartially and fairly according to law.  The fact that the Liquidator did not satisfy the claim of Mrs. Scaggs is no evidence of fraud or conspiracy on the part of defendants.  Plaintiff insists that the records of the association show that certain claims were paid without proof of loss.  Defendants contend that these proofs are in the claim files of the association and in the possession of the Liquidator.  In any event there is no proof that these claims were not paid or that the persons named were fictitious.

We have carefully examined the record and are unable to find any evidence tending to prove the charges of the complaint as amended.  Further discussion of the evidence would unduly extend this opinion.  We have considered the other points urged and the authorities cited in support thereof but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated, the judgment is reversed and the cause is remanded with directions to enter

judgment in favor of the defendants and against the plaintiff.

*Reversed and remanded with directions.*

BURKE, P. J., and KILEY, J., concur.