**Theda Smith, Plaintiff-Appellant, v. Thomas W. Bishop, Jr., and Frank R. Osterbur, as Administrator of the Estate of Ralph B. Smith, Deceased, Defendants-Appellees.**

Gen. No. 10,332.

Third District.

September 6, 1961.

Appleman, Zimmerly & McKnelly, and John H. Finfrock, of Urbana, for appellant.

Busch, Harrington & Porter, of Champaign, for appellee Thomas W. Bishop, Jr.; Reno & O'Byrne, of Champaign, for appellee Frank R. Osterbur, as Administrator of the Estate of Ralph B. Smith.

ROETH, PRESIDING JUSTICE.

This case is a suit for recovery of damages for personal injuries sustained by plaintiff and for the recovery of funeral and burial expenses incurred for burial of her minor daughters, arising out of the collision of a passenger automobile, in which plaintiff and her daughters were riding, and a milk truck. The suit grows out of the occurrence described in case #10333 pending in this court and in which an opinion has this day been filed. The circumstances of the occurrence are fully described in the above opinion and reference thereto is directed in connection with our opinion in the case at bar. Gordon, Admr., etc. v. Farmer City Cheese Co. et al., 32 Ill App2d 85, 177 NE2d 18.

As in case #10333, Theda Smith sued the administrator of her deceased husband charging wilful and wanton misconduct in the operation of the automobile in which she was riding and sued Bishop charging him with negligence in the operation of the milk truck.

Following the return of the verdicts in case #10333, defendants filed a motion for summary judgment in

101

the case at bar, supported by affidavit setting up the proceedings in case #10333. Objections to the motion were filed by counsel for plaintiff. On the same day that the post trial motion filed in case #10333 was denied, the trial court granted the motion for summary judgment in the case at bar.

As we pointed out in case #10333 the jury had two issues to decide in that case, i. e., (1) was defendant Bishop guilty of negligence and (2) was the deceased driver (plaintiff's husband) guilty of wilful and wanton misconduct. These issues were also the primary issues in the case at bar. The jury in case #10333, having found defendant Bishop not guilty of negligence and the deceased driver not guilty of wilful and wanton misconduct, likewise effectively resolved these primary issues against any claim of recovery by plaintiff Theda Smith, another passenger in the car. The doctrine of estoppel by judgment is applicable to the present case. Voorhees v. Chicago & Alton R. Co., 208 Ill App 86. This is especially true since we have affirmed the judgments in case #10333.

Accordingly the judgment of the Circuit Court of Champaign County will be affirmed.

Affirmed.

REYNOLDS and CARROLL, JJ., concur.