REGINA LYNN GREENLEE, Plaintiff-Appellant, *v.* JOHN G. SHEDD AQUARIUM *et al.*, Defendants-Appellees.

First District (5th Division) No. 60910

Opinion filed March 12, 1976.

Lane, Falasz, Pollman & Munday, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Michael K. Murtaugh, and John Patrick Healy, of counsel), for appellees.

· Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

In 1970, plaintiff brought an action for personal injuries sustained in an accident which occurred 13 years earlier, when she was a minor. In her complaint she named three defendants: John G. Shedd Aquarium, a corporation (hereinafter Shedd); William J. Barry, Shedd's employee; and Edgar Greenlee, her father. Shedd and Barry filed a motion for summary judgment, contending that plaintiff was collaterally estopped from bringing the action because of an earlier action issuing from the accident brought by her mother in 1958. The motion was granted, and judgment was entered for all the defendants. Plaintiff appeals, contending that the granting of defendants' motion for summary judgment on the grounds of collateral estoppel was improper.

The following facts pertinent to this appeal are not in dispute.

On November 3, 1957, the car in which plaintiff was riding as a passenger collided on a rural Illinois road with a truck being driven by Barry in his capacity as Shedd's employee. In the car with plaintiff were the following individuals: her father, Edgar Greenlee, who was driving; her mother, Mildred Greenlee; and her three brothers, Richard, Mikel, and Vernon Greenlee, all of whom were, like plaintiff, minors. As a result of the accident, Mikel and Vernon Greenlee were killed, and the other members of the Greenlee family suffered serious injuries.

On January 2, 1958, Mildrd Greenlee filed a complaint against Shedd and Barry for negligence and for wilful and wanton misconduct in connection with the accident. As the administratrix of her deceased sons' estates, she brought wrongful death actions on their behalf. Individually, she brought actions for personal injuries on her own behalf, on behalf of her son, Richard Greenlee, a minor, and on behalf of her husband, Edgar Greenlee. She did not bring any action for personal injuries on behalf of plaintiff in the instant case. Plaintiff's only association with the 1958 suit was her status as an heir at law to her deceased brothers' estates and a beneficiary of the wrongful death actions brought on their behalf.

At trial, 14 occurrence and post-occurrence witnesses testified. At the close of all the evidence, the jury returned a verdict in favor of Shedd and Barry, finding Edgar Greenlee's negligence to be the sole proximate cause of the accident. Judgment was entered thereon and affirmed on appeal. *Greenlee v. John G. Shedd Aquarium*, 31 Ill. App. 2d 402, 176 N.E.2d 684.

On October 23, 1970, plaintiff brought the instant action for personal injuries arising from the 1957 accident, naming Shedd, Barry and her father as defendants. Shedd and Barry moved for summary judgment, contending that plaintiff was collaterally estopped from bringing the

action because of the final disposition of the 1958 action brought by her mother. Their motion was granted and plaintiff appeals.

OPINION

■■ Plaintiff's only contention on appeal is that the granting of defendants' motion for summary judgment on the grounds of collateral estoppel was improper. In general, the doctrine of collateral estoppel precludes parties and/or their privies from relitigating facts in a subsequent action which were specifically litigated and determined in a prior action. (*Hinkle v. Tri-State Transit, Inc.*, 21 Ill. App. 3d 134, 315 N.E.2d 289.) In applying the doctrine, the balancing of two important policies is involved: a litigant's right to have his day in court and the prevention of repetitious litigation of what is essentially the same dispute. (*Chas. Ind Co. v. Cecil B. Wood, Inc.*, 56 Ill. App. 2d 30, 205 N.E.2d 786.) Plaintiff asserts that she was neither a party nor a privy to the action brought by her mother in 1958 and that the doctrine of collateral estoppel cannot therefore be invoked.

■■■ It is well established that one is not estopped or barred by a prior adjudication if he was not a party to such action and does not stand in the relation of privy to one who was a party. (*Ohio National Life Insurance Co. v. Board of Education*, 387 Ill. 159, 55 N.E.2d 163.) In the instant case, it is clear that plaintiff was not a party to the 1958 action. She was not named as a party in the pleadings, nor did she appear at the trial. She had no right to adduce testimony, cross-examine witnesses, or otherwise control the litigation. (*Smith v. Bishop*, 26 Ill. 2d 434, 187 N.E.2d 217.) It is equally clear that she was not in privity with the administratrix of her deceased brothers' estates, even though she was one of the heirs at law to those estates and a beneficiary of the wrongful death actions brought on her brothers' behalf. The concept of privity contemplates a mutual or successive relationship to the same property rights which were the subject matter of prior litigation. (*Sweeting v. Campbell*, 2 Ill. 2d 491, 119 N.E.2d 237.) In *Smith v. Bishop*, 26 Ill. 2d 434, 187 N.E.2d 217, the Illinois Supreme Court considered the possible existence of privity between the administrator of the estates of two children killed in an accident and their mother, who survived the accident. The administrator had brought wrongful death actions on the decedents' behalf. The mother was not a party to those actions, but was, as a surviving next-of-kin to the decedents, a beneficiary of any recovery made by the administrator. She subsequently brought, on her own behalf, an action for personal injuries issuing from the accident. The only question was whether she was a privy to the judgment from the administrator's wrongful death actions and therefore estopped from bringing her sub-

sequent action for personal injuries. The court determined that the mother had not acquired her rights in her action for personal injuries from the administrator of the decedents' estates, nor was her relationship to such rights either mutual with or successive to that of the administrator. Her status as a beneficiary of the wrongful death actions did not transform her into a quasi-plaintiff in those actions. Therefore, the court held, no privity between the administrator of the decedents' estates and the mother existed.

■■ The facts in the instant case are highly analogous to those in *Smith v. Bishop*. Like the plaintiff in *Smith v. Bishop*, the only association of plaintiff in the instant case with the 1958 suit brought by her mother was her status as an heir at law to her deceased brothers' estates and a beneficiary of the wrongful death actions brought on their behalf. The reasons supporting a finding of non-privity, moreover, are enhanced in the instant case by plaintiff's legal inability in 1958 to bring an action herself for personal injuries because she was a minor at that time. Accordingly, on the basis of the clear precedent of the court's holding in *Smith v. Bishop*, we hold that there is no privity between plaintiff in the instant case and the administratrix of her deceased brothers' estates and that the trial court's granting of defendants' motion for summary judgment on the grounds of collateral estoppel was hence improper.

■■ In their brief, defendants Shedd and Barry cite a case dealing with collateral estoppel, *Chidester v. Cagwin*, 76 Ill. App. 2d 477, 222 N.E.2d 274, which was decided after *Smith v. Bishop*. The appellate court's holding in that case, they assert, is contrary to the Illinois Supreme Court's holding in *Smith v. Bishop*. Without determining whether their assertion is correct, we affirm the fundamental principle of judicial construction that lower judicial tribunals in Illinois are bound by decisions of the Illinois Supreme Court, and it is the duty of such tribunals to follow those decisions in similar cases. (*Agricultural Transportation Association v. Carpentier*, 2 Ill. 2d 19, 116 N.E.2d 863.) Since *Smith v. Bishop* is the definitive pronouncement of our highest court concerning collateral estoppel between members of a decedent's family, its holdings are binding upon us in the instant case, contrary appellate court decisions notwithstanding.

We conclude that the trial court's granting of defendants' motion for summary judgment was improper and that plaintiff is entitled to a trial on her cause of action. The judgment of the circuit court is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BARRETT and DRUCKER, JJ., concur.