(No. 48465.-)

REGINA LYNN GREENLEE, Appellee, v. JOHN G. SHEDD AQUARIUM *et al.*, Appellants.

*Opinion filed April 5, 1977.—Rehearing denied May 26, 1977.*

Baker & McKenzie, of Chicago (Francis D. Morrissey, Michael K. Murtaugh, John Patrick Healy, and Charles B. Lewis, of counsel), for appellants.

Lane, Falasz & Munday, of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Regina Lynn Greenlee, appealed from the judgment of the circuit court of Cook County entered in favor of defendants, John G. Shedd Aquarium, a corporation, and William J. Barry, upon allowance of their motion for summary judgment. The appellate court reversed and remanded (36 Ill. App. 3d 924), and we allowed defendants' petition for leave to appeal. The relevant facts are stated in the opinion of the appellate court and will be recited here only to the extent necessary for the discussion of the issues.

In this action plaintiff seeks to recover damages for personal injuries sustained when she was five years of age, approximately 13 years prior to the time this suit was filed. She was injured while riding as a passenger in an automobile being driven by her father, Edgar Greenlee, which collided with a truck being driven by defendant Barry in his capacity as an employee of defendant Shedd. Also present in the automobile were her mother and her three brothers. Two of plaintiff's brothers, four and eight years of age, were killed, and the other members of her family sustained serious injuries.

Several months after the occurrence plaintiff's mother, as administratrix of the estates of her two deceased sons, as mother and next friend of her surviving son, and individually for the personal injuries which she sustained, filed suit against the defendants. Plaintiff's father, Edgar Greenlee, individually, was also a plaintiff in the same action, seeking recovery of damages for the injuries which he suffered. No action was filed on behalf of plaintiff, and the only involvement on her part was that she was named as one of the surviving next of kin of each of her deceased brothers. The case was tried and resulted in verdicts and judgments in favor of both defendants and

against all of the plaintiffs. On appeal, the appellate court affirmed, holding, *inter alia,* that the verdicts of the jury, under the instructions given, left "no room for doubt that the jury's verdict meant that there was no negligence attributable to defendants and that Edgar Greenlee's negligence, and his alone, caused the accident." 31 Ill. App. 2d 402, 409.

In the motion for summary judgment allowed by the circuit court, defendants asserted:

> "That the present plaintiff, Regina Lynn Greenlee, is alleged to have been a passenger in the Greenlee vehicle at the time of the complained of occurrence. Thus, she would have been in the same status and enjoyed the same rights as the passengers-plaintiffs in the prior litigation.
>
> That as a result of the judgment entered in favor of the defendants and against the plaintiffs in the prior litigation, there is an estoppel and/or a collateral estoppel of the present claim thereby barring the present suit."

The appellate court reversed, holding that there was no privity between "plaintiff in the instant case and the administratrix of her deceased brothers' estates." 36 Ill. App. 3d 924, 927.

Defendants contend that the appellate court "erred in its failure to apply the principles and policies of collateral estoppel." Defendants candidly state that this case cannot be "meaningfully distinguished" from *Smith v. Bishop,* 26 Ill. 2d 434, but argue that *"Bishop* was rendered prior to Illinois' full recognition of the modern development of the requirements for collateral estoppel." They argue too:

> "The second district in *Chidester* [*Chidester v. Cagwin,* 76 Ill. App. 2d 477] adopted the modern position that there need not be total and complete identity of parties to effect estoppel by verdict. The court therein cited the leading case of *Bernhard v. Bank of America Nat. Trust & Savings Ass'n.,* 19 Cal. 2d 807, 122 P.2d 892 (1942) in which Justice Traynor stated the modern position that:
>
> > 'Where a party though appearing in two suits in different capacities is in fact litigating the same right, the judgment in one estops him in the other.' [Citations.] "

Defendants contend that there is a conflict between the decision in *Chidester* and the decision of the appellate court in this case. We perceive no such conflict. In *Chidester* the action was brought by the administrators against three defendants to recover the funeral and burial expenses of their decedents. In a prior action against two of the defendants the administrators had recovered judgments for the wrongful deaths of the decedents. The circuit court entered summary judgments as to liability against the two defendants found liable in the earlier case, and the appellate court affirmed. This case involves precisely the same situation as *Smith v. Bishop,* 26 Ill. 2d 434, and is clearly distinguishable from *Chidester.*

In *Smith,* the plaintiff suffered injuries when an automobile driven by her husband was involved in a collision with a truck. The plaintiff's husband and their two minor daughters were killed and she and her minor son were injured. An action brought by the administrator of the estates of the two children against the truck owners and driver and the estate of the deceased father of the children resulted in verdicts and judgments in favor of the defendants. These judgments were affirmed. (*Gordon v. Farmer City Cheese Co.,* 32 Ill. App. 2d 85.) The circuit court dismissed Mrs. Smith's action, the appellate court affirmed (*Smith v. Bishop,* 32 Ill. App. 2d 100), and her petition for leave to appeal was allowed. The court reversed the judgments on the ground that because Mrs. Smith was neither a party to the wrongful death actions nor in privity with the administrator of the children's estates, collateral estoppel did not apply.

Defendants argue:

"The controlling question *** is whether the instant plaintiff shared a position of substantial identity of interest with the plaintiff administrator in the earlier suit so as to call into operation the principles of collateral estoppel. ***

The earlier action was brought on the plaintiff's behalf as an heir, and her freedom from contributory

negligence was affirmatively set forth in the pleadings of that earlier suit. Clearly there was a substantial identity of interests."

Conceding that plaintiff, as one of the next of kin of her deceased brothers, may have had a "substantial identity of interests" with the other next of kin, her right to recover by reason of their deaths was a right separate and distinct from her right to recover damages for her own personal injuries. She had no right to control or "opt out" of those proceedings, and assuming that the administrator prevailed in the wrongful death actions, she might not have shared in the recoveries. See Ill. Rev. Stat. 1957, ch. 70, par. 2.

We have examined the authorities cited by defendants and reexamined those cited in the dissenting opinion in *Smith.* We find no reason to depart from the holding in *Smith,* and the judgment of the appellate court is affirmed.

*Judgment affirmed.*