LILLIAN S. PECKENHAM, Plaintiff-Appellant, v. JOSEPH E. STILLO et al., Defendants-Appellees.

First District (5th Division)    No. 78-1934

Opinion filed June 29, 1979.

860

James C. Hardman and Glenn E. Schreiber, both of Chicago, for appellant.

Paul E. Russo, of Chicago, for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals the dismissal of her suit to set aside the conveyance of certain real property, and the sole question presented on review is whether the action is barred by operation of the doctrine of collateral estoppel.

In count I of her complaint, plaintiff alleged that she is a judgment creditor of Joseph E. Stillo—having obtained two final judgments against him, totaling $75,056.88; that prior to June 1, 1973, Joseph held title in joint tenancy with his wife, Bernice Stillo, to real estate commonly known as 500 North Euclid, Oak Park, Illinois (hereafter the Euclid property), and legally described as "[t]he South 1/2 of Lot 11 in Block 4, in Fair Oaks, a Subdivision of the South 1/2 of the South East 1/4 of Sec. 6, Township 39 North, Range 13, East of the Third Principal Meridian in Cook County, Illinois"; that by deed dated June 1, 1973, Joseph purportedly conveyed his interest in said real estate to Bernice and their daughter, Betty Jean Stillo, as joint tenants; that the purported transfer was voluntary and without consideration; that Joseph made the transfer with the intent to place the real estate beyond execution and levy to avoid the claims of his prior and subsequent creditors; that as a subsequent creditor, she has been defrauded by such transfer because Joseph is in fact the real owner of the property in question and Bernice and Betty Jean merely hold title to it for

his convenience and benefit; that Joseph has no other property out of which her judgments may be satisfied in whole or in part; and that she has no adequate remedy at law.

In addition to restating most of count I, count II further alleged that Bernice and Betty Jean had knowledge of facts sufficient to cause a reasonably prudent person to suspect or infer Joseph's fraudulent intent; and that plaintiff is a subsequent creditor who has been defrauded by the actions of Joseph, Bernice and Betty Jean. In each count, plaintiff sought to void the purported conveyance by Joseph to Bernice and Betty Jean; or, in the alternative, to obtain a declaration that the beneficial interest in said real estate is owned by Joseph and subject to execution to satisfy her judgments. In addition, she asked for an award of costs and such other relief as is equitable.

It appears that in a prior action, plaintiff had sued to rescind a loan made to Joseph which he secured by a trust deed covering property he allegedly owned and which was described in the trust deed as follows: "The South 1/2 of Lot 11 in Fair Oaks, a subdivision of the South 1/2 of the Southeast 1/4 of Section 6, Township 39 North, Range 13, East of the Third Principal Meridian in Cook County, Illinois." The trial court in that suit found that Joseph, while acting as plaintiff's attorney, had requested a $15,000 loan from her on his representation that the loan would be secured by a trust deed covering property which Joseph asserted he owned; that but for such representation and her reliance thereon, she would not have made the loan; that the trust deed defendant executed contained "a faulty legal description which, in fact, did not describe or cover any property and conveyed it to plaintiff on the basis it covered property he owned"; and that at the time he executed the trust deed, defendant "did not, in fact, own the property which he represented was covered by the trust deed." Based upon such findings, the loan transaction was rescinded "because of the fraud and deceit on the part of Defendant, Joseph Stillo," and judgment was entered in favor of plaintiff in the amount of $16,000.

In the instant action, defendants separately moved to dismiss the complaint on the ground that the finding in the prior action that Joseph did not own the property described by the trust deed barred subsequent litigation to determine whether Joseph was the beneficial owner of an interest in the property deeded to Bernice and Betty Jean on June 1, 1973. Finding that the prior litigation did collaterally estop the maintenance of the instant suit, the trial court granted defendants' motion.

Opinion

Plaintiff contends that the dismissal of the instant suit on grounds of collateral estoppel was improper. It is her position that the question as to

whether Joseph had a beneficial interest in the Euclid property held by Bernice and Betty Jean was not raised or controverted during the course of the prior litigation and, thus, that collateral estoppel is inapplicable here. We agree.

■■ The doctrine of collateral estoppel precludes parties and/or their privies from relitigating factual questions in a subsequent action which were specifically litigated and determined in a prior action. (*Hinkle v. Tri-State Transit, Inc.* (1974), 21 Ill. App. 3d 134, 315 N.E.2d 289; *American National Bank & Trust Co. v. Zoning Board of Appeals* (1973), 12 Ill. App. 3d 794, 299 N.E.2d 147.) Underlying the application of this doctrine is the balancing of two policies; *i.e.*, upholding the litigant's right to a day in court while avoiding repetitious litigation of what is essentially the same dispute. (*Greenlee v. John G. Shedd Aquarium* (1976), 36 Ill. App. 3d 924, 344 N.E.2d 788 *aff'd* (1977), 66 Ill. 2d 381, 362 N.E.2d 1050.) To strike such balance, one court stated:

> " ' [I]t is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact. [Citations.]' " *Lange v. Coca-Cola Bottling Co.* (1969), 44 Ill. 2d 73, 75, 254 N.E.2d 467, 468.

■■ Initially, it should be noted that although the legal description contained in the trust deed given to plaintiff as security for the loan is similar to that of the Euclid property held by Bernice and Betty Jean, the block number (which is necessary to properly identify the parcel) was omitted in the former description. As a consequence of such omission, the trial court in the prior action made a finding that the trust deed did not convey an interest in an ascertainable parcel of real estate and that the loan was unsecured. In essence, the trial court thereby found that the property purported to be conveyed was nonexistent and thus incapable of being owned. In the light thereof, we believe that its further finding that Joseph did not own such real estate was gratuitous and not controlling of the prior litigation. Furthermore, the ownership or beneficial interest in the Euclid property which is the subject matter of the instant case was not there determined. We conclude that the finding in the prior action does not preclude subsequent litigation of the question of Joseph's beneficial ownership of a parcel of real estate which does exist; namely, the Euclid property to which Bernice and Betty Jean hold title.

(*Lange v. Coca-Cola Bottling Co.*) Therefore, we hold that the trial court erred in dismissing plaintiff's complaint.

For the reasons stated, the judgment appealed from is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.