SYLVENE COLLINS, Plaintiff, v. ST. JUDE TEMPLE NO. 1 *et al.*, Defendants (Blanche Knighton *et al.*, Plaintiffs-Appellants; St. Jude Temple No. 1, Defendant-Appellee).

First District (5th Division)   No. 86—0639

Opinion filed June 19, 1987.

Joel A. Brodsky, of Brodsky & Associates, of Chicago, for appellants.

Sussman & Samson, of Chicago (Steven Samson and Paul J. Sussman, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs Blanche Knighton, Essie Johnson, and Pearl Singleton appeal from an order of the circuit court of Cook County dismissing, on *res judicata* grounds, their complaint seeking recovery of certain items of personal property from defendant St. Jude Temple No. 1.

We find that the complaint was erroneously dismissed and therefore we reverse and remand.

The complaint at issue included a list of 10 religious statues along with other items of personal property allegedly detained by the defendant. The complaint did not specify which plaintiff claimed which items.

In a prior chancery action Sylvene Collins, then a trustee and secretary of St. Jude Temple No. 1, had filed a complaint for an injunction and for other relief against the church and certain church officers and employees, including two of the plaintiffs in this cause, Essie Johnson and Pearl Singleton. Generally, Collins' complaint alleged mismanagement of the church and misappropriation of church funds by the defendants in that action. Collins sought, *inter alia*, removal of the individual defendants as trustees and officers of the church, appointment of a receiver, and a court-directed election of a new trustee. Pursuant to court order a new election was held and on October 19, 1984, Judge Albert S. Porter entered a written order validating that election and requiring, *inter alia*, that "[n]o church property shall be removed from the church premises without permission of the Trustee Board." On December 19, 1984, the chancery action was dismissed "with the right to reinstate."

In this action defendant St. Jude Temple No. 1 moved successfully to reinstate the chancery action and consolidate it with this action. Defendant then moved to dismiss the plaintiff's complaint on *res judicata* grounds, alleging that in the chancery action Judge Porter had orally ruled that all the property in the church belonged to the church. The sole evidence of this order presented by defendant was the affidavit of attorney Keith Davis. He averred that as the attorney for the defendants in the chancery action he had orally moved that certain individuals be awarded possession of "statues, altar pieces and other

property" in the church. However, the judge had ruled that "said property and all property on church premises" belonged to the church. Davis further averred that based on this ruling a judgment was rendered against defendants as evidenced by the written order of October 19, 1984. As we have previously noted, that order's only reference to church property is its requirement that no church property be removed from the premises without permission of the board of trustees. Finally, Davis averred that the statues and altar pieces specified in plaintiffs' complaint were the subject of that oral order. No mention was made of the other items of property sought by plaintiffs.

Based solely on this evidence the circuit court granted defendant's motion to dismiss the complaint with prejudice. Plaintiffs then submitted the deposition of Davis in support of their motion for reconsideration. In that deposition Davis stated that all plaintiffs in this action were present at the chancery hearing on October 19. The purpose of the hearing was to ascertain the status of the case and to obtain validation of the results of the court-ordered election. However, half an hour before the hearing Davis orally notified opposing counsel (the same counsel now representing defendant church), of his intent to orally move for possession of the property. No witnesses, no testimony, and no exhibits were presented at the hearing.

Davis contended that although he was not under oath at that hearing he was the one who identified each item of property for the court. At the time of the deposition he could not recall each item. Davis recalled that the court ruled that all property located on church premises belonged to the church either because it was donated by church members or purchased with church funds. However, Davis also stated that the written order of that date correctly summarized the ruling of the court covering this property. That order required only that church property not be removed from the premises. Davis, who drafted the order, could not explain why it made no mention of the oral order. After considering the additional evidence the circuit court denied plaintiff's motion for reconsideration.

OPINION

■■ The sole issue before us is whether this action should have been barred under collateral estoppel principles. Under this doctrine, once an issue of ultimate fact has been determined in a valid final judgment, that issue cannot be litigated again between the same parties in a subsequent lawsuit. (*People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43.) The party relying on this form of *res judicata* has the burden of establishing that the identical issue has been definitively adjudi-

cated in a prior suit and that the party against whom the estoppel is asserted was a party or in privity with a party to the former suit. *Casson v. Nash* (1977), 54 Ill. App. 3d 783, 370 N.E.2d 564, *aff'd* (1978), 74 Ill. 2d 164, 384 N.E.2d 365.

Applying these principles to this cause we find no basis for application of collateral estoppel. We would initially note that one of the parties against whom defendant seeks to apply this doctrine, Blanche Knighton, was not a party to the prior action, nor does the record establish that she was in privity with any party. Defendant refers to Knighton as an "unnamed party," asserting without evidentiary support that she was not named in the first suit only because she "could not withstand the rigors of litigation." But even assuming some evidentiary basis for this assertion, a party is one who is named as such in the record and has been properly served with summons or has entered an appearance. (*Scaggs v. Fithian* (1949), 337 Ill. App. 597, 86 N.E.2d 398.) Clearly Knighton was not a party. Nor was she shown to be in privity with a party. For *res judicata* purposes privity refers to a mutual or successive relationship to property rights which were the subject of the prior litigation. (*Greenlee v. John G. Shedd Aquarium* (1976), 36 Ill. App. 3d 924, 344 N.E.2d 788, *aff'd* (1977), 66 Ill. 2d 381, 362 N.E.2d 1050.) In this case, although it was alleged in the prior suit that Knighton had been the pastor of St. Jude, nothing in the record establishes that she had any right of ownership in the property at issue by virtue of that prior position.

Defendant also alleges that Knighton had sufficient opportunity to litigate her rights because she was well aware of the litigation, had access to attorney Davis, and was present when the court made its oral ruling. Defendant also asserts that at the hearing all those in the courtroom were invited by the court to address the court concerning the property. The only one of these allegations supported by the record is Knighton's physical presence in the courtroom on October 19; Davis said she was there in his deposition. We find no evidentiary support for any of the other allegations. Accordingly, we do not even reach the issue of whether participation in the first suit by a party to the second suit would satisfy the requirement that the parties be the same. See *Dishinger v. Bon Air Catering* (1949), 336 Ill. App. 557, 84 N.E.2d 562.

We also find no merit to defendant's collateral estoppel claim because we find that defendant has failed to establish that there was a valid final judgment which clearly pertained to the same property. The written order of court issued on October 19 did not dispose of the property in dispute, yet the drafter of that order, attorney Davis, stated in his deposition that the written order correctly summarized

the earlier oral order.

We would note that there is authority in this State for the proposition that a mere oral announcement of an order by the court does not suffice as a basis for a collateral estoppel claim. (*Bulger v. Bulger* (1937), 291 Ill. App. 233, 9 N.E.2d 425; 23A Ill. L. & Prac. *Judgments* sec. 293 (1979).) In *Bulger* the court refused to give collateral estoppel effect to the oral pronouncement of the court concerning the effect of a property disposition in a divorce decree where the court subsequently issued a written order pertaining to that disposition. In this cause defendant also seeks to base its collateral estoppel claim on an oral order which purportedly disposed of certain property even though the written order issued later the same day failed to refer to any such disposition. In his affidavit attorney Davis stated that the statute and altar pieces specified in plaintiff's complaint were the subject of the oral order but he made no mention of the other items at issue. Nor could he recall the specific items involved when he gave his deposition. The judgment relied on for *res judicata* purposes must be so specific and free from ambiguity or contradiction as to clearly establish what claim was adjudicated. (23A Ill. L. & Prac. *Judgments* sec. 293 (1979).) Upon evaluation of all the factors we have cited we do not believe that application of collateral estoppel should rest on so slender a reed.

■ We also find that on equitable grounds collateral estoppel should not be applied in this cause. Illinois courts have also held that the doctrine only applies when the party against whom it is asserted had a full and fair opportunity to litigate the issue in the prior proceedings, and it will not be applied where injustice to that party would result. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549; *Fred Olson Motor Service v. Container Corp. of America* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098.) Clearly plaintiff Knighton, a nonparty to the chancery proceeding, has not been shown to have had any opportunity to litigate her property claims. Moreover, the hearing at issue, in which property dispositions were made despite a total lack of any testimony or other supporting evidence, cannot fairly be said to have afforded any party the opportunity to fairly litigate the issue.

Based on all of these grounds we reverse the judgment of the circuit court and remand this cause for reinstatement of the complaint and for further proceedings.

Reversed and remanded for further proceedings.

SULLIVAN, P.J., and MURRAY, J., concur.