GARRETT PEREBOOM, Appellee, *vs.* FRANK CLOYD,
Appellant.

*Opinion filed April 24, 1925.*

1. WILLS—*intention of testator must be ascertained and given
effect.* The paramount rule in the construction of wills. is to as-
certain the intention of the testator from an examination of the
language of the will and give effect to such intention unless con-
trary to public policy or some rule of law.

2. SAME—*who are heirs-at-law.* The term "heirs-at-law" means
such persons as succeed to an estate in case of intestacy.

3. SAME—*a devise to "heirs-at-law" ·of testator means heirs at
time of his death, in absence of expression of contrary intention.*
A gift of a future interest to the testator's "heirs-at-law" means to
such persons as are heirs-at-law at the time of his death, unless
the intention of the testator to refer to those who would be heirs-
at-law at some other time is clearly manifested by the will.

4. SAME—*remainders will be held vested, if possible.* The law
favors the vesting of estates, and in cases where an instrument
of conveyance is susceptible of two constructions that construction
is favored which is most favorable to the devisee or grantee, and
remainders will be held to be contingent only where the intention
to create such interest is clearly manifested by the instrument.

5. SAME—*when heir takes vested interest at death of testator.*
Where a testator provides for the sale of a certain portion of real
property at the expiration of twenty years from his death, or at
the death of his wife should she survive him for more than twenty
years, the proceeds to be divided among his heirs-at-law, an heir-
at-law takes a vested interest at the testator's death.

6. PARTITION—*when question whether property under devise is
real or personal is a collateral attack on foreclosure decree.* In a
suit for partition by the assignee of a certificate of purchase at
a foreclosure sale, the question whether the interest which had
been mortgaged and foreclosed was real or personal, under a de-
vise by which the mortgagor acquired his interest, is a collateral
attack on the foreclosure proceeding and cannot be raised by the
heir of the mortgagor in defense of the partition proceeding.

APPEAL from the Circuit Court of Sangamon county;
the Hon. ELBERT S. SMITH, Judge, presiding.

John M. Pfeifer, and Roy M. Seeley, for appellant.

Barber & Barber, for appellee.

Mr. Justice Heard delivered the opinion of the court:

This was a bill for partition filed in the circuit court of Sangamon county, Illinois, by Garrett Pereboom, appellee, against Frank Cloyd, appellant, and others, praying for the partition of 160 acres of land in Sangamon county, or that a suitable person be authorized and empowered to sell and convey the real estate in like manner as directed in the will of Matthew Cloyd, hereinafter set forth. Appellant filed a demurrer to the bill and it was overruled by the court. He elected to stand by his demurrer, and a decree was entered in the usual form in a partition proceeding, appointing commissioners, etc. Appellant appealed from the entry of the decree to this court.

Matthew Cloyd died testate on March 11, 1901, and his will was duly admitted to probate. He named his son Matthew F. executor of his will. He qualified as executor, settled the personal estate, was discharged, and was at the time of the filing of the bill herein a non-resident of this State. Eight children living at the time of the execution of his will and at the time of his death were then testator's only heirs-at-law. In items 4 and 5 of the will he disposed of the premises here in dispute, 160 acres. He first devised the same to his widow, Fanny Cloyd, for and during her natural life, with the following provisions:

"*Item Fourth*— * * * At the expiration of twenty years from my death, if my said wife is then dead, the said quarter section named in this item is to be sold as herein provided. If my said wife shall survive me for more than twenty years the same is to be sold at her death.

"The sale to be made under this item shall be either public or private for cash or on credit in one body or in parcels. Said sale is to be made by my executor herein-

after named and said executor is authorized to execute a good and sufficient deed of conveyance to the purchaser in fee simple.

"Said executor is authorized to receive the purchase money and to receive, collect and satisfy any security for any deferred payment. It shall not be the duty of any purchaser to see to the application of the purchase money.

"The proceeds of said sale shall be applied to the necessary costs and expenses of sale and the residue shall be divided among my heirs-at-law.

"*Item Fifth*—From the death of my said wife and until the said land mentioned in the foregoing item shall be sold and possession given to the purchaser, the said land shall be leased or rented by my executor. The proceeds of such renting shall be applied to paying taxes and assessments on said property and to necessary repairs and improvements, to keep the same in good tenable condition and to proper insurance on the buildings thereon and to the expense of renting and collection. The residue of such rents shall be divided among my heirs-at-law.

"The said leasing or renting may be for cash or grain rents and my executor is authorized to sell the rent grain and to compromise with tenants for rents."

The twenty years after the death of the testator terminated on March 11, 1921. Fanny Cloyd, the widow, died on December 4, 1921, about eight months after the twenty-year period had terminated.

William O. Cloyd, one of the children of the testator, on October 29, 1913, mortgaged an undivided one-eighth interest in and to said quarter section, and the proceeds of the sale thereof, to John W. Allen. On April 26, 1914, William O. died intestate, leaving his widow and appellant, his only child and only heir-at-law. The mortgage was afterwards foreclosed in the circuit court of Sangamon county by decree rendered May 23, 1917, in the cause

of "John W. Allen, complainant *vs.* Frank M. Cloyd, defendant," said Frank M. Cloyd being appellant herein. In that suit service was had on Frank Cloyd and no defense made. This one-eighth interest, and the proceeds of the sale thereof, were sold by the master in chancery of the circuit court of Sangamon county and a certificate of purchase issued to Allen. This certificate of purchase was assigned to Garrett Pereboom, appellee herein, and the property not having been redeemed, a master's deed was delivered to appellee, and this is the title upon which he relies to maintain his bill.

At the time of the death of the widow, Fanny Cloyd, six of the eight children of the testator were still living. Henrietta Moore had died in the meantime, leaving three children surviving her. The decree found that the interest of William O. Cloyd was vested at the time of the death of his father; that appellee acquired the interest of William O. by reason of the mortgage, the foreclosure thereof and the master's deed.

It is contended by appellant that no interest in remainder after the life estate of the widow, Fanny Cloyd, vested until her death, and that only such persons took who were then the heirs-at-law of the testator. It has been often decided that the paramount rule in the construction of wills is to ascertain the intention of the testator from an examination of the language of the will and then give effect to such intention unless contrary to public policy or some rule of law. (*McComb* v. *Morford,* 283 Ill. 584.) The term "heirs-at-law" means such persons as succeed to an estate in case of intestacy. Hence a gift of a future interest to the testator's "heirs-at-law" means such persons as are heirs-at-law at the time of his death, unless the intention of the testator to refer to those who would be heirs-at-law had he died at a subsequent time is clearly manifested by the will. (*Kellett* v. *Shepard,* 139 Ill. 433.) The law favors the vesting of estates, and in cases where the in-

strument is susceptible of two constructions the law inclines to favor the construction most favorable to the devisee or grantee rather than the construction that would be against his interest. (*Kellett* v. *Shepard, supra.*) Remainders will only be held to be contingent where the intention to create such interest is clearly manifested by the words of the instrument. (*Grimmer* v. *Friederich,* 164 Ill. 245.) That it was not the intention of the testator that the persons who were to take as his heirs were to be determined at the death of the widow, or at the expiration of twenty years if she died within twenty years after the death of the testator, is manifested by the fact that by the fifth item of his will he provided that if his wife died within twenty years the residue of the rents was to be divided among his heirs-at-law, which would necessitate the ascertainment of the individuals who were to take as heirs-at-law prior to the expiration of twenty years. William O. Cloyd being one of the heirs-at-law of the testator took a vested interest under the will.

It is claimed by appellant that under a will devising all of the testator's property to his wife for life and directing the same to be sold at her death and the proceeds distributed equally among his children, a child takes no vested interest in real estate at the death of the testator but only a right to money when the land is sold. The mortgage described "an undivided one-eighth interest in [the real estate] and a like share in the proceeds of sale thereof," and the foreclosure decree found that the mortgage conveyed "an undivided one-eighth interest in the real estate and a like share in the proceeds of sale thereof." Whether William O. Cloyd's vested interest in testator's estate was real or personal property is now immaterial. Whether the property in question was conveyed by the mortgage and whether the mortgagee had a right to have it sold to pay the mortgage debt were issues in the foreclosure case and cannot be re-litigated in this proceeding. Whether the decree was

right or wrong, appellant and appellee's grantor were parties to it and both are bound by it and neither can attack it collaterally in this suit. *Moore* v. *Linn, 287* Ill. 34.

The decree of the circuit court is affirmed.

*Decree affirmed.*