Mabel Landfield, Appellant, v. Juliette Altman, The City of Chicago, a Municipal Corporation, George L. Ramsey, Commissioner of Buildings of the City of Chicago, Cosmopolitan National Bank of Chicago, as Trustee under Trust No. 5369, Henry C. Dreschsler and Saul Fellars, Appellees.

Gen. No. 47,769.

First District, Third Division.
December 9, 1959.
Rehearing denied January 28, 1960.
Released for publication January 29, 1960.

Joseph I. Adler, of Chicago, for appellant.

L. Louis Karton, of Chicago, and John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin, Assistant Corporation Counsel, of counsel) for appellees.

JUSTICE BURKE delivered the opinion of the court.

Plaintiff appeals from an order in a complaint to have declared unreasonable, arbitrary, confiscatory, discriminatory, unconstitutional and null and void a purported zoning ordinance passed by the City Council of Chicago effective on June 28, 1956, and to enjoin the defendants from proceeding with the construction of any buildings by virtue of the ordinance, or with any building or structure which in any manner exceeds the limitations applicable to an R–7 Residential District and for relief under a declaratory judgment. Certain of the defendants filed their motion to strike plaintiff's amended and supplemental complaint, and moved that the cause be dismissed on the theory that the case of Fifteen Fifty North State Building Corp. v. The City of Chicago et al., 15 Ill.2d 408, constitutes a complete answer "to all of the complaints set forth by plaintiff" and "decides those issues against the plaintiff." The court denied plaintiff's motion to strike defendants' motion, sustained the motion to strike the complaint and dismissed the cause, assessing costs against the plaintiff.

Plaintiff urges that defendants' motion was not properly pleaded in accordance with the Civil Practice Act and the rules, pointing out that the motion attempts to plead the Fifteen Fifty Building Corporation case as a bar to the action or as *res judicata,* and that the motion is governed by Section 48 of the Civil Practice Act and Supreme Court Rule 15(1). [Ill Rev Stats, c 110, § 48.] Plaintiff makes the further statement that a party pleading that a cause of action is barred by a prior

judgment or that a prior judgment operates as an estoppel by verdict has the burden of proving with certainty that "the parties and the issues and/or facts are the same in both cases."

■ ■ An examination of the pleadings supports the contention of defendants that the complaint is substantially insufficient in law and that the chancellor was right in dismissing it under Section 45 of the Civil Practice Act. [Ill Rev Stats, c 110, § 45.] The motion of the defendants was not required to be verified because the insufficiency of the complaint to state any ground for relief appears on its face. It was not necessary for the motion to state that it was brought under the provisions of Section 45 of the Civil Practice Act. While the motion does not specifically state that the complaint is insufficient in law, that theory is implicit in the language of the motion. The defendants do not rely on the doctrines of *res judicata* or estoppel by verdict. The case cited in the motion should be considered under the *stare decisis* rule that a question once deliberately examined and decided be considered as settled and closed to further argument.

■ The zoning ordinance which was held valid in the cited case is the identical ordinance which plaintiff seeks to have declared invalid. With unimportant exceptions the wording of the complaint in the present case is practically verbatim with that in the previous case. The plaintiff in each case is similarly situated. Both plaintiffs are neighbors of the defendant, the only difference being that the Fifteen Fifty Building is to the east whereas plaintiff's building in the instant case is to the south of the defendant. The plaintiff in the previous case was the owner of a sixteen story building while this plaintiff owns a four story building. The defendants in each case are the same and the zoning ordinance sought to be invalidated is the same. The chancellor took the case under advisement and

read the opinion in the Fifteen Fifty Building Corporation case. The latter case decided all the propositions of law urged in the instant case. The question of procedure presented by the plaintiff is without merit. The amended and supplemental complaint is vulnerable to defendants' motion. Therefore the order is affirmed.

Order affirmed.

BRYANT, P. J. and FRIEND, J., concur.