ILLINOIS BELL TELEPHONE COMPANY, Plaintiff, *v.* DYNAWELD, INC., Defendant.—(DYNAWELD, INC., Third-Party Plaintiff-Appellant, *v.* FORE-MAN MANUFACTURING COMPANY *et al.*, Third-Party Defendant-Appellee.)

First District (2nd Division)   Nos. 78-713, 78-773 cons.

Opinion filed March 13, 1979.

Goldenson, Kiesler, Berman & Brenner, of Chicago (Stephen B. Frew, of counsel), for appellant.

Joslyn & Green, of Crystal Lake (John F. Lampe, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from the dismissal of a third-party complaint filed by Dynaweld, Inc. (Dynaweld), against Foreman Manufacturing Company (Foreman). The incident out of which the action arose occurred when the wheel of a trailer owned and being operated by the Illinois Bell Telephone Company (Bell), manufactured by Dynaweld, and allegedly incorporating parts manufactured by Foreman, came off and struck a passing car. The issues are: (1) whether Dynaweld's refusal to accept a tender of defense in the original action by the driver of the car against Bell constitutes a basis for the dismissal of Dynaweld's third-party action against Foreman; and (2) whether there is any other basis on which the dismissal may be upheld.

The facts are as follows. Sometime in 1969, Anthony Capetta was injured when the car he was driving was struck by a wheel that had become separated from an equipment trailer owned and being towed by Bell. Capetta filed an action against Bell, alleging negligence. Bell settled

that case and then filed an action sounding in products liability and negligence against Dynaweld, the manufacturer of the trailer. Attached to the complaint was a letter allegedly sent by Bell to Dynaweld, tendering to Dynaweld the defense of the action by Capetta against Bell. Bell alleged *inter alia* that the letter was sent on April 10, 1973, nine days before Bell settled the Capetta suit, and it appears to be conceded that Dynaweld did nothing in response to the tender of defense. Dynaweld has filed an answer to Bell's complaint, and that case remains pending.

Dynaweld then initiated the instant third-party action sounding in products liability and seeking indemnity from Foreman, the alleged manufacturer of the running gear of the trailer, including the wheel that struck Capetta's car. The third-party complaint alleged the following: (1) that Bell had filed an action against Dynaweld, seeking indemnity for payments made in settlement of Capetta's suit against Bell; (2) that Bell's complaint against Dynaweld, which was appended to the third-party complaint as an exhibit and incorporated by reference, alleged that the trailer manufactured by Dynaweld was in a condition unreasonably dangerous for its intended use when its wheel came off and collided with Capetta's automobile; (3) that the wheel and entire running gear of the trailer were manufactured and sold by Foreman to Dynaweld for the intended purpose of being used in Dynaweld's trailer; (4) that if any unreasonably dangerous condition existed in the wheel or running gear, the defect resulted from Foreman's manufacture of the product and the condition existed at the time the product left the hands of Foreman; and (5) that any liability imposed against Dynaweld would be merely derivative of Foreman's liability under the doctrine of strict liability in tort and under that doctrine Dynaweld is entitled to full and complete indemnity from Foreman.

Foreman filed an answer to the third-party complaint on December 2, 1976, admitting the first two allegations, denying the remainder, and setting forth no affirmative defenses. On September 9, 1977, Foreman filed a motion to dismiss the third-party complaint. Foreman's motion did not designate the specific section of the Civil Practice Act under which it was being brought. However, the motion alleged, *inter alia,* that the third-party complaint failed to state a cause of action upon which relief could be granted, and the motion prayed that "the court strike DYNAWELD, INC.,'s Third Party Complaint as being substantially insufficient in law and that the Third Party Complaint be dismissed as against FOREMAN MANUFACTURING COMPANY with prejudice and for such other relief as the court may determine." Attached to the motion as an "exhibit" was Bell's complaint against Dynaweld alleging, *inter alia*, Bell's tender of defense to Dynaweld.

After Dynaweld had filed its memorandum in opposition to the

motion, the trial court heard argument on the motion on November 3, 1977. No transcript of this proceeding, if any were made, appears in the record on appeal. The court continued the matter, permitting the parties to file additional memoranda in support of their positions.

On January 12, 1978, the court again heard argument on the motion, and the transcript of that proceeding is contained in the record on appeal. Although Dynaweld had argued that the tender of defense was beyond the scope of a motion to dismiss and was irrelevant to the litigation between Dynaweld and Foreman, the court indicated its belief that Dynaweld was precluded from maintaining its third-party action against Foreman by virtue of Dynaweld's inaction after receiving Bell's tender of defense. The court granted Foreman's motion to dismiss. The court expressly found that there was no just reason for delaying enforcement or appeal of its order, pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)), whereupon Dynaweld filed this appeal.

The first issue raised is whether the trial court, in granting Foreman's motion, relied on an argument not properly before the court in ruling on a motion to dismiss. Dynaweld argues that Foreman's motion must have been a motion to dismiss pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), in that the motion was denominated as a motion to dismiss and was worded pursuant to section 45, which provides *inter alia* that a motion may ask "that a pleading * * * be stricken because substantially insufficient in law, or that the action be dismissed * * *." Dynaweld argues that since the scope of a section 45 motion is limited to the legal sufficiency of the pleading under attack (*e.g.,* *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799), the tender of defense alleged in the "exhibit" accompanying the motion was extraneous and should not have been considered by the court. Moreover, despite Foreman's assertion to the contrary, this argument was made to the trial court and has therefore not been waived.

In response, Foreman contends that its motion also falls within section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48), which also provides for a motion to dismiss. Specifically, Foreman asserts that its motion falls within section 48(i), which provides as a ground for dismissal "[t]hat the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand." Foreman further points out that a motion to dismiss need not designate the particular section under which it is brought (*Landfield v. Altman* (1959), 23 Ill. App. 2d 404, 163 N.E.2d 566), and a motion to dismiss may properly be sustained under either section where the motion points out specifically the defects which render the complaint

insufficient. *Ingersoll v. Klein* (1969), 106 Ill. App. 2d 330, 245 N.E.2d 288, *aff'd* (1970), 46 Ill. 2d 42, 262 N.E.2d 593.

Dynaweld argues that even if Foreman's motion were construed as a section 48 motion, it was untimely in that it was filed more than nine months after Foreman's answer and therefore not "within the time for pleading" as contemplated by section 48. Our supreme court has construed this requirement liberally (*Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593), as the legislature expressly intended that pleading requirements be treated (see sections 4 and 33 of the Civil Practice Act, Ill. Rev. Stat. 1977, ch. 110, pars. 4 and 33), and we would therefore hesitate to hold that the trial court did not act within its discretion in entertaining the motion even after an answer had been filed.

■■ However, Dynaweld asserts that Foreman's motion was deficient as a section 48 motion in another regard, in that it was not supported by any affidavit as to the tender of defense, a ground which Dynaweld argues does not appear on the face of the complaint attacked and which therefore must be supported by affidavit according to section 48. This argument ultimately turns on the same point as Dynaweld's section 45 argument, that the tender of defense is extraneous to the facts pleaded in the third party complaint, and must fail for the same reason. Section 36 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 36) specifically provides that an exhibit attached to a pleading constitutes a part of the pleading for all purposes. Appended to Dynaweld's third party complaint as an exhibit and incorporated by reference was Bell's complaint against Dynaweld alleging, *inter alia*, the tender of defense by Bell. Therefore, the fact of the tender of defense was a part of Dynaweld's complaint and could be considered on a motion to dismiss under either section. See Laycock, *Dispositive Pre-Trial Motions in Illinois—Sections 45, 48 and 57 of the Civil Practice Act*, 9 Loy. Chi. L.J. 823, 831, 851 (1978), and cases cited therein.

■■ The next issue raised is whether Dynaweld's inaction in the face of Bell's tender of defense of the original action constitutes a basis for the dismissal of Dynaweld's third-party complaint against Foreman. Foreman argues, and the trial court apparently agreed, that by virtue of Dynaweld's refusal to accept the tender of defense, Dynaweld is estopped from denying its liability to Bell and from attempting to shift liability to Foreman. Dynaweld argues that the tender of defense had little or no legal effect on its subsequent third-party action against Foreman, and therefore both Foreman and the trial court were laboring under a misapprehension as to the effect of a tender of defense. We agree. In *Karas v. Snell* (1957), 11 Ill. 2d 233, 142 N.E.2d 46, our supreme court had occasion to discuss the procedure, called "vouching in," by which a

defendant gives notice of the pendency of an action and an opportunity to defend to one alleged to be liable over to him. The court stated:

> "This procedure was early recognized in Illinois, together with the logical limitation on the rule that the prior case is conclusive only of matters *necessarily* included in the adjudication, and is not conclusive on the question of whether the person served with notice is in such relation to the defendant as to be bound. (*Chicago and Northwestern Railroad Co. v. Northern Line Packet Co.* [1873], 70 Ill. 217; *Todd v. Chicago* [1886], 18 Ill. App. 565.)" (Emphasis in original.) (11 Ill. 2d 233, 247, 142 N.E.2d 46.)

The court went on to state that the purpose of tendering a defense or vouching in " 'is to conclude the vouchee upon the question of the voucher's liability to the original plaintiff and the amount of such liability; thus leaving for future determination * * * whether or not the vouchee is in fact liable over to the vouching defendant.' " (*Karas v. Snell* (1957), 11 Ill. 2d 233, 247-48, 142 N.E.2d 46, quoting *Southern Ry. Co. v. Acme Fast Freight, Inc.* (1942), 193 Ga. 598, 19 S.E.2d 286, 287-88.) The court further noted that the logic of the rule is especially apparent in a case, such as the one at bar, where the interests of the voucher (Bell) and vouchee (Dynaweld) are distinct and hostile. (*Karas v. Snell* (1957), 11 Ill. 2d 233, 248, 142 N.E.2d 46.) Thus, while Dynaweld's refusal to accept Bell's tender of defense may conclude Dynaweld on the question of Bell's liability to Capetta and the amount of such liability, a question we expressly do not decide, it is not conclusive on the issue of whether the relation or obligation exists which gives Bell a remedy over against Dynaweld, or whether the injury was caused by an act for which Dynaweld is primarily liable. (11 Ill. 2d 233, 248, 142 N.E.2d 46.) If Dynaweld is not estopped from asserting its nonliability to Bell by virtue of its refusal to accept the tender of defense, we cannot see how Dynaweld could be estopped from asserting its nonliability and attempting to shift liability in its indemnity action against Foreman. Therefore, the trial court's dismissal of Dynaweld's third-party action on that basis was erroneous.

Foreman cites to us the case of *N. E. Finch Co. v. R. C. Mahon Co.* (1977), 54 Ill. App. 3d 573, 370 N.E.2d 160, but that case is merely a recent application of the principles discussed in *Karas* to a situation somewhat more closely resembling that in the case at bar. In *N. E. Finch Co.*, Watts, one of Mahon's employees, was injured when he fell off a bundle being lifted by a crane owned by Finch and being operated by a Finch employee who had been loaned to Mahon and was under Mahon's supervision and control. After receiving workmen's compensation, Watts sued Finch, who then tendered the defense of the action to Mahon.

Mahon rejected Finch's request, whereupon Finch settled the Watts action and then brought an indemnity action against Mahon.

On appeal, Mahon contended that Finch could not seek indemnity from Mahon because Finch settled Watts' claim prior to any judicial determination of liability. The court first determined that a party may settle the initial action and still seek indemnity. (*N. E. Finch Co. v. R. C. Mahon Co.* (1977), 54 Ill. App. 3d 573, 575, 370 N.E.2d 160; see, *e.g., Nogacz v. Procter & Gamble Manufacturing Co.* (1975), 37 Ill. App. 3d 636, 347 N.E.2d 112; *Boston v. Old Orchard Business District, Inc.* (1960), 26 Ill. App. 2d 324, 168 N.E.2d 52.) The court then discussed the effect that Finch's tender of defense in the original action by Watts, which was settled, had upon Finch's subsequent indemnity action against Mahon. The court held that Mahon was precluded from asserting Finch's nonliability to Watts as a means of avoiding liability for indemnification, but whether Mahon was in fact liable to Finch remained a question. *N. E. Finch Co. v. R. C. Mahon Co.* (1977), 54 Ill. App. 3d 573, 576-77, 370 N.E.2d 160.

As we have stated, this decision merely applies the principles discussed in *Karas* to a situation specifically involving a tender of defense, a refusal, a settlement, and a subsequent indemnity action. Foreman seeks to take these principles one step further and apply them to a still subsequent indemnity action, Dynaweld's third-party action against Foreman. Foreman's argument revolves around section 25(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 25(2)), which provides in pertinent part: "The third-party defendant may assert any defenses which he has to the third-party complaint or which the third-party plaintiff has to the plaintiff's claim * * *." Foreman argues that because Dynaweld, the third-party plaintiff, may be estopped from asserting Bell's nonliability to Capetta as a defense to the claim by the plaintiff Bell, Foreman may also be deprived of that defense, a defense that it would otherwise have under the second part of the sentence quoted from section 25(2), which gives the third-party defendant the defenses of the third-party plaintiff.

We find no merit in this argument. First, it is unclear how it translates into a basis for dismissal of Dynaweld's third-party complaint. Second, it is pure speculation that Foreman would ever attempt to assert Bell's nonliability to Capetta as a defense against Dynaweld in the context of Dynaweld's third-party action. (*Cf. Nogacz v. Procter & Gamble Manufacturing Co.* (1975), 37 Ill. App. 3d 636, 653-54, 347 N.E.2d 112.) Third, if Bell's nonliability to Capetta is a defense to Dynaweld's third-party complaint at all, it remains a defense available to Foreman under the first part of the sentence quoted above from section 25(2). In any event, it is most doubtful that Foreman would ever be estopped from

asserting a defense that it never had a full and fair opportunity to present. (*Cf. Parklane Hosiery Co. v. Shore* (Jan. 9, 1979), 47 U.S.L.W. 4079; *Butler v. Stover Bros. Trucking Co.* (7th Cir. 1977), 546 F.2d 544.) Therefore, the trial court improperly relied on Foreman's tender of defense argument in granting the motion to dismiss.

■■ ■ The question remains whether the complaint is insufficient in any other regard, as a reviewing court may affirm a judgment of the trial court on any basis appearing in the record. (*E.g., Third Swansea Properties, Inc. v. Ockerlund Construction Co.* (1976), 41 Ill. App. 3d 894, 897, 354 N.E.2d 148.) Foreman contends that Dynaweld's third-party complaint does not allege facts sufficient to disclose a duty to indemnify and otherwise fails to state a cause of action. Section 25(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 25(2)) permits a defendant by means of a third-party complaint to bring in as a defendant a person who is or may be liable to him for all or part of the plaintiff's claim against him. It is true that a third-party complaint, as any other complaint, must state a cause of action (*e.g., Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230, 234 N.E.2d 790), as well as disclose some relationship upon which a duty to indemnify may be predicated. (39 Ill. 2d 226, 231-32, 234 N.E.2d 790.) In *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 338 N.E.2d 857, the court specifically applied these principles to an action for indemnity by the manufacturer of the finished product against the producer of the allegedly defective component part. The court stated that the plaintiff must allege and prove both the existence of a duty to indemnify and the necessary elements of a strict liability action: that the product contained a defective condition which existed at the time it left defendant's control, rendering the product unreasonably dangerous and proximately causing the injury resulting in plaintiff's liability to the injured party. (*Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 85, 338 N.E.2d 857.) Both the existence of a duty to indemnify and the elements of a strict liability action are sufficiently alleged in Dynaweld's complaint when read with Bell's complaint, which is attached to Dynaweld's complaint as an exhibit and is therefore, as we have established above, a part thereof for all purposes. Dynaweld's complaint states a cause of action and should not have been dismissed.

Accordingly, the order of the circuit court of Cook County dismissing the third-party complaint is reversed and the cause remanded for further proceedings.

Reversed and remanded.

DOWNING and PERLIN, JJ., concur.