METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* LEONARD C. HANSEN *et al.*, Defendants.—(LEONARD C. HANSEN, Defendant-Appellant, *v.* MICHELE HANSEN *et al.*, Minors, Defendants-Appellees.)

First District (2nd Division)    No. 80-2705

Opinion filed November 24, 1981.

Raymond H. Borkenhagen, of LaGrange, for appellant.

Myron Kantor, guardian ad litem, of Chicago, for appellees.

JUSTICE DOWNING delivered the opinion of the court:

A dispute over the proceeds of a life insurance policy caused the insurer, Metropolitan Life Insurance Company, to institute this interpleader action.

Warren Hansen, decedent, acquired life insurance through his employer in 1960. He designated Sharon Hansen, then his wife, as revocable

primary beneficiary. Warren divorced Sharon and married Linda Hansen, defendant. Three children, Michele, Mark, and Jon, defendants-appellees, were born to this marriage. On February 3, 1972, a separate maintenance decree was entered by default in favor of Linda Hansen against Warren Hansen. This decree ordered Warren to support Linda and the children, and, *inter alia*:

> "7. That the defendant [Warren] shall keep and maintain all existing life insurance policies on his life, including but not limited to, a Prudential Life Insurance policy, and shall name the minor children as irrevocable beneficiaries of said policies of insurance during the term of their minority, and shall thereafter name the plaintiff [Linda] as said irrevocable beneficiary."

On March 23, 1978, not having taken any action with respect to the policy since 1960, Warren Hansen executed a change of beneficiary form, naming his father, Leonard C. Hansen, defendant-appellant, as revocable primary beneficiary. Two days later, Warren Hansen died. The life insurance policy had a value of $57,000. On April 26, 1978, Leonard Hansen was paid $15,000 plus interest by Metropolitan Life, and Metropolitan Life invested the remaining $43,000 on his behalf upon his request.

Metropolitan subsequently became aware of the claim of Linda Hansen and her minor children and instituted this interpleader action. The circuit court entered summary judgment in favor of the guardian ad litem of the minor children. It ordered Metropolitan to pay the remains of the proceeds in its possession to the children, and ordered Leonard Hansen to pay to the children the money paid to him by Metropolitan. Leonard Hansen appeals.

I

The issue, as framed by the parties below and in this court, is whether the court in the 1972 separate maintenance proceeding exceeded its authority in ordering the transfer of the beneficial interest in Warren Hansen's life insurance policy. The circuit court held that the 1972 order was proper under the statute (Ill. Rev. Stat. 1975, ch. 68, par. 22, repealed eff. Oct. 1, 1977), and granted summary judgment in favor of the guardian ad litem of the minor children.

■■ A reviewing court may affirm the judgment below on any basis appearing in the record. (*Illinois Bell Telephone Co. v. Dynaweld, Inc.* (1979), 70 Ill. App. 3d 387, 394, 388 N.E.2d 157.) The doctrine of *res judicata* operates as a bar to prevent Leonard Hansen from collaterally attacking the separate maintenance decree. The 1972 separate maintenance decree and the transcript of that hearing prior to the entry of the decree were before the circuit court, and are contained in the record on appeal. Warren Hansen did not appeal that judgment.

■■■ *Res judicata* provides that when a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound as to those issues which were raised, or could have been raised. (*Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577, 582-83, 394 N.E.2d 1164.) The concept of privity contemplates a mutual or successive relationship to the same property rights which were the subject of prior litigation. (*Schafer v. Robillard* (1938), 370 Ill. 92, 100, 17 N.E.2d 963; *Greenlee v. John G. Shedd Aquarium* (1976), 36 Ill. App. 3d 924, 926, 344 N.E.2d 788, *affirmed* (1977), 66 Ill. 2d 381, 362 N.E.2d 1050.) A judgment as to property owned by a decedent is binding on the heirs. *Pereboom v. Cloyd* (1925), 317 Ill. 85, 89-90, 147 N.E. 382; see *Hutchinson v. Hutchinson* (1911), 250 Ill. 170, 173, 95 N.E. 143.

■■ The identical issue is involved in the instant case as was adjudicated in the 1972 separate maintenance proceeding. As beneficiary of Warren Hansen's life insurance policy, Leonard Hansen stands in privity with him. Thus, Leonard Hansen is barred from attacking the validity of the separate maintenance decree.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P. J., and PERLIN, J., concur.