THOMAS H. STERN, Plaintiff-Appellant, *v.* MYRNA Y. STERN, Defendant-Appellee.

Second District    No. 81-670

Opinion filed April 19, 1982.

Garry L. Smith, of Chicago, for appellant.

Ward P. Fisher, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Thomas H. Stern, appeals from an order dismissing his complaint for declaratory judgment brought against his wife, defendant herein, Myrna Y. Stern.

The complaint sought a declaration of the rights of the parties under an agreed order entered by the trial court on September 9, 1981. It alleged that on that date the parties negotiated an agreement for settlement of an action for dissolution of their marriage which was then pending between them; that the agreement was in the form of a "Partial Marital Settlement Agreement" pursuant to sections 502 and 503(a)(4) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, pars. 502 and 503(a)(4)); that the terms of the agreement, which related to the disposition between them of certain of their property, were incorporated in the agreed order and a copy was attached to the complaint. The complaint further alleged the pending dissolution action had been dismissed by the trial court in accordance with the terms of the agreement, but that defendant had thereafter failed and refused to comply with its provisions.

Defendant filed a motion to dismiss the complaint on the grounds the agreement was void because, while purportedly made pursuant to section 502 of the Marriage and Dissolution of Marriage Act, no judgment dissolving the marriage had been entered. Defendant further alleged plaintiff's complaint was an effort by him to adjudicate marital rights and obligations outside of the framework of the Act.

After a hearing, the trial court granted defendant's motion to dismiss the complaint on the grounds that an action for declaratory judgment

would not lie where it appears that to do so would not terminate the controversy or some part thereof and that further relief would likely become necessary in this case. Section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57.1) provides:

"(1) No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. *The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed,* including the determination, at the instance of anyone interested in the controversy, of the construction of any \* \* \* contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment or order, if it appears that the judgment or order, would not terminate the controversy or some part thereof, giving rise to the proceeding. \* \* \*" (Emphasis added.)

In his complaint, plaintiff requested that the court declare the duties and obligations of the parties under the agreement of September 9, 1980, and specifically that it do so with respect to those interests in certain marital property (a residence and the beneficial interest in a land trust) which under the agreement were assigned to him. In support of the trial court's conclusion that such a judgment would not terminate the present litigation, defendant argues that the trial court may have believed that distribution of the parties' property should have been the subject of a dissolution of marriage proceeding rather than one for declaratory judgment. She also asserts that statements made by plaintiff's counsel at the hearing of the motion to dismiss that the dissolution action might be revived gave rise to the possibility that further litigation would be necessary to resolve the present controversy.

■■■ "The issue in an action seeking declaratory relief is whether, considering all the circumstances, under the facts alleged, there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of declaratory judgment." (*Wood v. School District No. 65* (1974), 18 Ill. App. 3d 33, 36, 309 N.E.2d 408, 411.) "It is well settled that a declaratory judgment should not be granted if to do so would entail a piecemeal litigation of the matters in controversy, nor unless the court can by such judgment dispose of the controversy between the parties. It is not the intent of the declaratory judgment statute to confer jurisdiction on the courts to be legal advisers." *Farmers Insurance Group v. Harris* (1972), 4 Ill. App. 3d 372, 376, 279 N.E.2d 789, 791.

■■ Inasmuch as the complaint pleaded the existence of an agreement in

settlement of pending litigation and requested that the court construe the agreement's terms and declare the rights of the parties, it constituted a request for the construction of a contract and was properly brought in a suit for a declaratory judgment. While it has been established, in cases construing the former Divorce Act, that in the absence of a decree of divorce a court cannot determine as between husband and wife such questions as property rights, alimony or child custody (*Ollman v. Ollman* (1947), 396 Ill. 176, 71 N.E.2d 50; *Bateman v. Bateman* (1949), 337 Ill. App. 7, 85 N.E.2d 196), this rule does not appear to preclude the courts from enforcing otherwise valid agreements between spouses concerning ownership of their property. The mere possibility, always at least potentially present, that proceedings for dissolution of marriage might be commenced during the term of an agreement between spouses relating to their property or business dealings, should not preclude the availability of declaratory relief where an actual controversy has arisen with respect to the construction of the agreement. Thus, in *Trossman v. Trossman* (1960), 24 Ill. App. 2d 521, 165 N.E.2d 368, involving an action for a declaratory judgment of an antenuptial agreement that the parties' property rights would be separate and distinct as though no marriage had taken place, regardless of whether the marriage were terminated by death or divorce, the reviewing court found that a spouse's assertion of the agreement's invalidity and announcement of intent to seek dower and intestate succession in the event of the other's death, gave rise to an actual controversy suitable for determination in a declaratory judgment case. The trial court's dismissal of the complaint for declaratory judgment was therefore reversed. Although *Trossman* may be distinguished on its facts from the case at bar, it demonstrates that a case of actual controversy exists between spouses when there has been a challenge to the validity of an agreement by which they had provided for the disposition of their property, notwithstanding that the time for performance of the agreement's terms had not yet arrived. By contrast, in the present case defendant raised her challenge to the agreement's validity after the time for performance of its terms had passed and after demand for performance had been made upon her. To the extent that the trial court may have declined to adjudicate plaintiff's complaint for declaratory judgment because of the possibility that dissolution of marriage proceedings might eventually have ensued, its dismissal of the complaint was error.

The second justification advanced by defendant for the dismissal, that further litigation might be necessary to resolve the controversy, relates to remarks made during the oral argument on the motion to dismiss. It was noted at that hearing that not only had there been a settlement agreement between the parties, but that the agreement had been incorpo-

rated into the court order dismissing the original proceedings for dissolution. A colloquy took place between counsel and the court as to the reason why plaintiff had originally wanted the agreement merged in the order of dismissal, and it was in that context that plaintiff's counsel noted that any challenge defendant might make to the dismissal order incorporating the terms of the settlement might be brought as a section 72 petition to that original proceeding. There is no indication that defendant has commenced or contemplated such a petition, and the mere possibility that a section 72 petition might at some stage be brought does not indicate that a declaratory judgment would fail to resolve the present controversy relating to the validity and construction of the settlement agreement. We conclude that the trial court erred in dismissing the complaint on this basis.

This court's authority to affirm the trial court on any basis appearing in the record is well established (*Metropolitan Life Insurance Co. v. Hansen* (1981), 102 Ill. App. 3d 354, 430 N.E.2d 57), and plaintiff's further argument that review of this case is restricted to the single ground relied upon by the trial court for dismissal of the complaint is without merit. We will, therefore, address the issue presented by defendant's motion to dismiss, although not ruled upon by the trial court: whether a property settlement agreement purportedly arrived at under section 502 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 502) is valid when no judgment for dissolution of marriage has been entered.

Section 502(a) of the Act provides:

"To promote amicable settlement of disputes between parties to a marriage attendant upon the dissolution of their marriage, the parties may enter into a written or oral separation agreement containing provisions for disposition of any property owned by either of them * * *."

The annotations to this section note that its language was derived from section 306(a) of the Uniform Marriage and Divorce Act (9A Uniform Laws Annotated (1979)), but that the language of the Illinois enactment differs from the Uniform Act in that the latter provides for separation agreements attendant upon either legal separation or dissolution of marriage. No such provision is found in section 502 of the Illinois act, as Illinois does not authorize the adjudication of property rights in legal separation proceedings. (Ill. Ann. Stat., ch. 40, par. 502, Historical and Practice Notes, at 399 (Smith-Hurd 1980).) It is not clear at this stage of these proceedings whether the agreement was one attendant upon legal separation or upon reconciliation of the parties. (In her testimony at the hearing for dismissal of the dissolution action, defendant referred to the

matter as a reconciliation.) In either event, it seems clear that in Illinois a property settlement agreement based upon section 502 must be attendant to a dissolution of marriage.

Defendant contends that plaintiff's repeated references to the contract as a section 502 marital settlement agreement have irrevocably committed him to the position that the agreement was one entered solely pursuant to that section. Since section 502 applies only to agreements attendant upon a dissolution of marriage, and since the parties' marriage has never been dissolved, defendant asserts that the agreement is a nullity.

We note, however, that the agreement recites that it was arrived at "pursuant to Section 502 * * * and Section 503(4) [sic] of the Illinois Marriage and Dissolution of Marriage Act." The latter section, properly cited as section 503(a)(4), recognizes that the parties may agree *inter se* to treat certain property as nonmarital. (Ill. Ann. Stat., ch. 40, par. 503, Historical and Practice Notes, at 462 (Smith-Hurd 1980).) As the reference to section 503 appears on the face of an exhibit incorporated in the complaint, defendant's effort to restrict review of the sufficiency of the complaint to the question of whether this was a valid section 502 agreement must fail. While defendant posits some doubt as to whether the agreement in settlement of the pending litigation would have been reached if it had been recognized that section 502 could not be utilized, no question was raised in that regard at the September 9, 1980, hearing on the settlement. Defendant testified at the hearing that she had voluntarily signed the agreement after consulting her attorney, was satisfied with its terms and wished the pending dissolution proceeding to be dismissed. Inasmuch as these factual matters are deemed admitted for the purpose of evaluating the sufficiency of the complaint (*Scutt v. La Salle County Board* (1981), 97 Ill. App. 3d 181, 423 N.E.2d 213), and since the designation of the statute pursuant to which the agreement was reached was not an operative provision of that agreement, defendant's claim that the settlement must be viewed as a nullity is erroneous. See *In re Marriage of Maher* (1981), 95 Ill. App. 3d 1039, 420 N.E.2d 1144.

We do not here determine whether the agreement in issue is a valid and subsisting post-nuptial contract between the parties or what rights, if any, either may have under it. We do hold that plaintiff's complaint for declaratory judgment was sufficient to withstand the motion to dismiss it.

Accordingly, the judgment of the circuit court of Lake County dismissing plaintiff's complaint is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.