IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SEPTEMBER 17, 2003 Session

## BEVERLY MARGARET BRECKENRIDGE v. MARY LORETTA ROBBINS, ET AL.

### Direct Appeal from the Chancery Court for McNairy County
No. 7458     Dewey C. Whitenton, Chancellor

---

### No. W2003-00143-COA-R3-CV - Filed December 22, 2003

---

This case involves a dispute over entitlement to life insurance proceeds. Appellant asserts an equitable interest in a portion of the proceeds based upon her and Decedent's marital dissolution agreement, which was incorporated into the divorce decree. The trial court denied Appellant's motion for summary judgment and granted Appellee's motion for summary judgment. For the following reasons, we reverse and remand.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Terry L. Wood, Corinth, MS, for Appellant

Stephen Craig Kennedy, Selmer, TN, for Appellee

### OPINION

### Facts and Procedural History

Beverly M. Breckenridge ("Appellant") and Lawrence M. Robbins ("Deceased") were divorced on December 15, 1994. The divorce decree incorporated a marital dissolution agreement ("MDA") wherein Deceased, who owed Appellant substantial sums of money, promised Appellant 60% of the $96,000 in proceeds of his life insurance policy with Massachusetts Mutual Life Insurance Company ("MassMutual") until such time that Deceased repaid his financial obligations to Appellant. The MDA was later amended by an addendum and such addendum was incorporated into an amended final divorce decree on January 18, 1995. This addendum changed Appellant from being a partial beneficiary to the sole, irrevocable beneficiary of the Deceased's MassMutual life

insurance policy. Deceased maintained the MassMutual policy until August 1998, when he ultimately allowed the policy to lapse.

After the divorce, Deceased, who worked for MassMutual, obtained an additional life insurance policy from his employment provided by UNICARE Life and Health Insurance Company ("UNICARE") in January 1997 in the amount of $150,000. Deceased named his mother, Mary L. Robbins ("Appellee"), as the sole beneficiary of the UNICARE policy but later amended the beneficiary designation to include his friend, Susan Kaweicki.

This UNICARE policy included a double indemnity provision in the event Deceased passed away as a result of accidental death. Deceased died in a car accident on July 21, 1999, leaving an estate of approximately $8,000 and debts in excess of $87,000, not including Deceased's debts owed to Appellant.

Appellant filed this action against Appellee and MassMutual to recover the proceeds of Deceased's UNICARE life insurance policy pursuant to the final divorce decree. The complaint against MassMutual was dismissed and UNICARE intervened and interpled $161,989.04 to the court clerk and master, which represented the unpaid amounts on the UNICARE policy. Appellant and Appellee filed motions for summary judgment, and Appellant's motion was denied. Appellant filed a second motion for summary judgment and the trial court denied Appellant's motion while granting Appellee's motion for summary judgment. Appellant timely appealed to this court and presents the following issue for our review: whether the trial court erred in failing to grant the summary judgment motions of Appellant and in granting the Appellee's motion for summary judgment. For the following reasons, we reverse the decision of the trial court.

## Standard of Review

On a motion for summary judgment, a movant must demonstrate that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Tenn. R. Civ. Pro. 56.03; *Holt v. Holt*, 995 S.W.2d 68, 71 (Tenn. 1999). "We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in favor of the nonmovant and discarding all countervailing evidence." *Holt*, 995 S.W.2d at 71 (citing *Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998)). Our review concerns only questions of law, and, as such, our review is *de novo* on the record with no presumption that the trial court's judgment is correct. *Id.* (citing *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)).

## Law and Analysis

Appellant argues that the trial court erred by denying her motion for summary judgment and granting Appellee's motion for summary judgment. Specifically, Appellant contends that the trial court should have created a constructive trust on the proceeds of Deceased's life insurance policy pursuant to the mandate in the divorce decree of Appellant and Deceased. When a divorce decree

states that one of the parties must maintain a life insurance policy for the benefit of the other, such decree gives the obligee a vested equitable interest in the policy as between the obligee and the insured. *Goodrich v. Mass. Mut. Life Ins. Co.*, 240 S.W.2d 263, 272 (Tenn. Ct. App. 1951). This is an exception to the general rule that where an insured has reserved the right to change the beneficiary by the terms of the insurance policy, such beneficiary merely has an expectancy and no vested interest. *Id.* (citing *Page v. Detroit Life Ins. Co.*, 11 Tenn. App. 417, 424 (Tenn. Ct. App. 1929)); *Layton v. Life U.S.A.*, No. W1999-02274-COA-R3-CV, 2000 Tenn. App. LEXIS 316, at *20 (Tenn. Ct. App. May 12, 2000); *Estate of Moore v. Moore*, No. 01-A-01-9603-CH-00139, 1996 Tenn. App. LEXIS 572, at *6 (Tenn. Ct. App. September 13, 1996) (citing *Bell v. Bell*, 896 S.W.2d 559, 562 (Tenn. Ct. App. 1994)).

We are mindful that "equity regards that as done which in good conscience ought to be done." *Id.* (citing *McCann Steel Co. v. Third Nat'l Bank*, 337 S.W.2d 886, 891 (Tenn. Ct. App. 1960); William H. Inman, Gibson's Suits in Chancery § 21 (7th ed. 1988); 11 Tenn. Jur. Equity § 11 (1995); 2 Pomeroy Equity Jurisprudence § 364 (5th ed. 1941)). In circumstances involving a lapsed policy, Tennessee courts have held that "a Court of equity will not allow the Court's judgment to be defeated by changing the beneficiary or cancelling the policy, but will impose the judgment obligation on any policy owned by the defendant at his death." *LeMay v. Dudenbostel*, No. 03A01-9110-CH-00354, 1992 Tenn. App. LEXIS 339, at *8-9 (Tenn. Ct. App. April 15, 1992) (citing *Dossett v. Dossett*, 712 S.W.2d 96 (Tenn. 1986); *Holbert v. Holbert*, 720 S.W.2d 465 (Tenn. Ct. App. 1986); *Metro. Life Ins. Co. v. Hansen*, 430 N.E.2d 57 (Ill. App. Ct. 1981); *Hudson v. Aetna Life Ins. Co.*, 545 F. Supp. 209 (E.D. Mo. 1982); *Gray v. Indep. Liberty Life Ins. Co.*, 226 N.W.2d 574 (Mich. Ct. App. 1975); 46 CJS Insurance, 1175(b)). Such vested interests rooted in divorce decrees are continuing ones. *See Holt*, 995 S.W.2d at 77. As the Tennessee Supreme Court has noted in *Holt v. Holt*, "public policy of this state strongly favors the enforcement of court orders. . . ." *Holt*, 995 S.W.2d at 77.

Constructive trusts are equitable devices used by courts to avoid the unjust enrichment of a person who, through fraud, duress, abuse of confidence, commission of a wrong, or any form of unconscionable conduct, artifice, concealment, or questionable means, obtains or holds legal title to property which he should not have. *Holt*, 995 S.W.2d at 72 (citing *Burleson v. McCrary*, 753 S.W.2d 349, 353 (Tenn. 1988); *Rowlett v. Gutherie*, 867 S.W.2d 732, 734 (Tenn. Ct. App. 1993); *Livesay v. Keaton*, 611 S.W.2d 581, 584 (Tenn. Ct. App. 1980)). "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest[,] equity converts him into a trustee." *Id.* (quoting *Beatty v. Guggenheim Exploration Co.*, 122 N.E. 378, 380 (N.Y. 1919)). For our determination of whether a constructive trust is appropriate, we note that an insured's privies, such as Appellee in this case, can stand on no higher ground than the insured himself. *Goodrich*, 240 S.W.2d at 270; *Moore*, 1996 Tenn. App. LEXIS, at *4; *LeMay*, 1992 Tenn. App. LEXIS, at *5-6.

In this case, Appellant argues that she should be entitled to a portion of the proceeds of Deceased's UNICARE life insurance policy. We agree. The addendum to the marital dissolution agreement of Appellant and Deceased states in pertinent part:

> Massachusetts Mutual Life Insurance Company Policy No. 8 782 096 insuring Lawrence M. Robbins, in the face amount of $96,000.00, with "Former Wife" Beverly Margaret Breckenridge as the named beneficiary therein. The "Former Husband" does hereby agree to change the primary beneficiaries under that said policy so as to make the "Former Wife", Beverly Robbins Breckenridge, the irrevocable and sole beneficiary of said policy and does hereby confirm the same until such time as all of his financial obligations under the Marital Dissolution Agreement of December 7, 1994 and this Addendum thereto have been satisfied, at which time the "Former Husband", Lawrence Michael Robbins, shall then have the right to change the designation of irrevocable and sole beneficiary to whomever "Former Husband" shall then nominate.

This section certainly gives Appellant a vested right in the MassMutual policy. However, Appellee contends, such vested right does not exist in the UNICARE policy and should not transfer from one policy to the next. We disagree. Such vested interest of Appellant in Deceased's MassMutual policy was meant to act as security for the various loans she had provided for him. This Court will not allow the cancellation and lapse of the Deceased's MassMutual policy to defeat the equitable interest Appellant holds. As other jurisdictions have held, "mere substitution of policies, or even substitution of insurance companies, does not defeat the equitable interest of one who has given sufficient consideration for a promise to be maintained as beneficiary under an insurance policy." *Simonds v. Simonds*, 380 N.E.2d 189, 193 (N.Y. 1978) (citations omitted); *see also Rogers v. Rogers*, 473 N.E.2d 226, 228 (N.Y. 1984); *Singer v. Jones*, 496 N.W.2d 156, 159 (Wis. Ct. App. 1992); *Perkins v. Stuemke*, 585 N.E.2d 1125, 1128 (Ill. App. Ct. 1992); *LeMay*, 1992 Tenn. App. LEXIS 339, at *8-9.

Appellee also contends that other cases in Tennessee jurisprudence, addressing the issue of whether a constructive trust on life insurance proceeds is appropriate, are distinguishable because they inure to the benefit of minor children of the divorced parties. However, at no point does Appellee explain why such a distinction would affect Appellant's superior equitable interest. We also disagree with this argument. It is the strong policy of this state to enforce all court orders and not just the ones that benefit minor children of a divorce. Therefore, this distinction has no effect on our decision.

Appellee additionally asserts that because the UNICARE policy arose before the MassMutual policy lapsed, this should distinguish this case from other cases in Tennessee addressing this topic. However, again, Appellee offers no explanation as to why such a distinction would affect or terminate Appellant's equitable interest. Appellant's interest vested at the time of the divorce decree and was to continue until the time when Deceased paid off his financial obligations to Appellant. This Court knows no reason why such a chronology would eliminate Appellant's equitable interest.

Equity cannot allow the Deceased in this case to defeat Appellant's equitable interest by virtue of his violation of the divorce decree. In our review of case law, we have found another state, when presented with a similar sequence of events, in accord with this position. *Singer*, 496 N.W.2d at 159.

Finally, Appellee contends that, because she had no knowledge and was not to blame for the lapse of the MassMutual life insurance policy, she should not be punished by a court placing a constructive trust on the UNICARE proceeds. This argument also has no merit. Though there is no evidence that Appellee committed some unconscionable act requiring an equitable remedy, she is, as a person holding a derivative right, a privy of Deceased. Therefore, her right to the proceeds stems from Deceased's act of allowing the MassMutual policy to lapse, which was in contravention to the divorce decree. For this reason, a constructive trust should be imposed on the proceeds of the UNICARE policy. In effect, this does not punish Appellee for Deceased's wrongdoing but rather recognizes that Appellant holds a superior equitable interest in the UNICARE proceeds. Appellant's interest, however, does not encompass the entire amount of the UNICARE proceeds. Appellant holds an equitable interest only to the extent of the amount listed in the marital dissolution agreement, which was incorporated into the divorce decree. Therefore, this Court reverses the decision of the trial court and remands this case for further proceedings.

## Conclusion

For the foregoing reasons, we reverse the decision of the chancery court and remand this case for entry of summary judgment in favor of the Appellant. Costs are judged against Appellee, Mary L. Robbins, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE